# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF KANSAS,

### DURING THE TERM COMMENCING JULY, 1865.

---

JESSE COOPER, Adm'r, *v.* SILAS ARMSTRONG *et al.*

### *Error from Wyandotte County.*

*Semble,* official statements in "official records," or, in absence of the books, immediate copies, duly verified; *i. e.,* an examined copy, duly sworn to by a competent witness, would be evidence.

"That it is a true copy, or intended as such," is too indefinite for an authentication.

*Semble,* the clerk of the council of the Wyandotte tribe of Indians is not a public officer competent to authenticate copies of public records,

But, the record of the case not purporting to contain all the evidence, the Supreme Court will not disturb the decision of the court below.

This action was originally brought by the plaintiff in error, in the probate court, to recover money received by George Clark in his lifetime, as guardian of a Wyandotte Indian named Joseph Arms. The plaintiff in error was appointed administrator of Arms, deceased, and defendants in error, Armstrong and Walker, were appointed administrators of Clark.

On the trial of this cause in the court below, the plaintiff in error, who was also the plaintiff below, offered in evidence what purported to be a copy from the books of the Wyandotte Council of Indians, accompanied by the deposition of one E. T. Vedder. The substance of the deposition was that the witness was clerk of the Wyandotte Indian Council in November, 1861; that he made the copy referred to from figures put down in the books of said council by Robert Robitaille, who was clerk in 1857; that the copy was what it purported to be, or intended so to be, as near as witness could remember; that he was elected clerk of said council in August, 1859, and continued as such until February, 1863, but that he was not positive whether or not he was sworn as such clerk; that in keeping the books of the council he made no entries therein, except under their general direction; that E. N. H. Moore was, at the time witness gave his evidence—April 27, 1864—clerk of said Indian council; and that while he was clerk, the books were generally in the hands of the council. It was also proved that, by the regulations of the tribe, the Wyandotte Indian Council kept books of their proceedings, and that among other books they kept a book of accounts with guardians and administrators, who were appointed by them. From this last mentioned book it seems that the copy or statement before mentioned purported to have been taken, which statement was as follows :

"*Statement of George J. Clark's Account with the Wyandotte Indian Council, as Guardian for Joseph Ames, orphan.*

Nov., 1856.   To cash from Indian agent, - - - - - $113.50 .
Apr., 1857.   To cash from Indian agent, - - - - - - 113.50
                                                        ⎯⎯⎯$227.00

CONTRA—CREDIT.

| | | |
|---|---|---|
| Sept. 20, 1867. | By paid Josiah Walker's account, - - - | $8.57 |
| April 2, 1858. | By paid I. P. Long per H. M. Northrup, | 25.00 |
| Apr. 27, 1860. | By paid I. P. Long per R. W. C. & M. M., | 5.00 |
| | | 85.57 |

Balance due ward, - - - - - - - - - - - -     $143.43

"I certify that the above is a correct copy of the records now in the hands of the Wyandotte Indian Council.          EDWIN T. VEDDER.

"*Council Clerk.*"

*Cooper & Stockton,* for plaintiff in error.

*A. B. Bartlett,* for defendants in error.

*J. Cooper,* for plaintiff in error, submitted :

1. Vedder's deposition, containing a copy of the books of Wyandotte Council, should not have been rejected.  *a.* These books are in the nature of public records, and binding upon the Indian tribe, and all individuals.  (1 *Stock., pp.* 79, 160–161 ; 1 *Greenleaf, pp.* 610, 622, 626.)  *b.* The manner of proving the entries is such as all the authorities point out as the legal mode.  (1 *Greenleaf, pp.* 118, 611.)  *c.* These records are evidence in the courts of this state as public documents.

2. Indian tribes are domestic, independent sovereignties.  3 *Kent, pp.* 376–400.

3. The treaty of 1855 provides for the continuance of the Wyandotte Indian Council.

4. No authentication was required, except the certificate of the clerk of the council.

5. The document was evidence against George J. Clark, even if not a public document, as he was at the

head of the council at the time, and ordered the entries to be made against himself.

6. The plaintiff should have judgment, even if the books were not evidence ; as the case shows that Clark received the government annuities belonging to plaintiff's intestate, and there is no evidence that he ever accounted for them, or for the credits.

7. The Wyandotte Council were the power to appoint guardians, and there being no other power, the council, of course, could call the guardians to account.

*By the Court*, SAFFORD, J.

The foregoing testimony comprises all that was before the court touching the matter of the statement sought to be introduced. The defendant objected to the said statement being received in evidence, and the court rejected it, to which ruling the defendant excepted. We think that the court was right, admitting for the sake of argument, that the book in which the statement was to be found was of the class of public writings which are denominated, in law, official registers. It follows that, if produced, it would have been good evidence, and any official statement therein contained might have been read ; but in the absence of the book itself, the contents might have been proved by an immediate copy, duly verified. See 1 Greenleaf Ev., § 484, where this language is held : "In short, the rule may be considered settled, that every document which there would be an inconvenience in removing, and which a party has a right to inspect, may be proved by a duly authenticated copy ;" but such copy must be an examined copy, duly made, and sworn to by a competent witness.

3

The document offered in evidence, by the plaintiff in this case, was not such as would come within the meaning of the descriptions here used, nor would the testimony of the witness help the matter materially, since he seems to be so uncertain about the copy being a true one. His statement is that he made it, and that it was a copy from the books of the Wyandotte Indian Council, or was intended as such, as near as I can remember. We think that such testimony is much too uncertain to amount to an authentication of the copy within the meaning of the law. But it may be observed that the statement bearing upon its face the proof that it is an incorrect one—and if incorrect in one particular, may it not be in others?—but whether the fault is in the book from which it purports to be taken, or elsewhere, does not appear, but it is claimed that the document should have been admitted in evidence without other authentication than that made by the certificate of the clerk. This cannot be true. If the book in which the statement was entered was a public document, the evidence shows that the clerk was not the custodian of it. Nor does the testimony show that he was a public officer. He himself states that the books were generally in the hands of the council, and there is nothing shown to the contrary. The council, then, were the keepers of the books, and if the copy could be authenticated in the way claimed, such authentication must come from them. It is further claimed that even if the document or copy in question were rejected, there was still sufficient evidence to justify a recovery, and judgment in favor of the plaintiff.

We cannot consider this question, inasmuch as all of the evidence before the court below is not here; at least, the record does not purport to present it.

Other points are presented in the briefs, but we do not deem it necessary to discuss them, and especially since they could not operate in any such manner as to change the result.

The judgment of the district court affirmed.

All the justices concurring.