HIRAM BARNEY, Respondent, *v.* DAVID WHITE, Appellant

1. *Judgments of sister States conclusive evidence of what.*—Judgments rendered in other States are not treated as foreign; and though they are not so far domestic that they can be enforced without a new judgment, they are conclusive of everything except jurisdiction over the parties or the subject-matter; and where the service on defendant was good according to the laws of the State where the judgment was obtained, the court of that State would obtain jurisdiction of defendant's person, and the judgment would be at least *prima facie* evidence of the indebtedness sued on.

*Appeal from St. Louis Circuit Court.*

*Rankin & Hayden,* for appellant.

The law of Iowa can have no extra-territorial operation, no power to compel this court to recognize as a judgment what would be no judgment. (Thurber v. Blackstone, 1 N. H. 242; Wood v. Wilkinson, 17 Conn. 500; Thompson v. Emmett, 4

McLean, 96 ; Holt v. Alloway, 2 Blackf. 108 ; Warren Manuf. Co. v. Ætna Ins. Co., 2 Paine, 513 ; Webster v. Reid, 11 How. 437 ; Randolph v. Keiler, 21 Mo. 568.) The position of the appellant is that the record must show actual notice by personal service within the State where the judgment is rendered. (Harris v. Hardeman, 14 How. 340 ; Latimer v. The Pacific R.R., 43 Mo. 109.)

*J. T. Tatum*, for respondent.

I. With regard to a foreign judgment, it is settled that the judgment in an action brought directly upon it is *prima facie* evidence to sustain the action. (2 Phillips' Ev. 181 ; Henderson v. Henderson, 6 C. B. 288 ; Ferguson v. Mahon, 11 Ad. & El. 179 ; Ricardo v. Garcias, 12 Clark & Fin. 368 ; Bank of Australia v. Nias, 4 Eng. L. & Eq. 252 ; Lazier v. Westcott, 26 N. Y. 146 ; Cummins v. Banks, 2 Barb. 601 ; Sto. on Conflict of Laws, § 607.) But a judgment of a sister State is conclusive, provided the court had jurisdiction over the subject and over the person. (Hall v. Williams, 6 Pick. 232 ; D'Arcy v. Ketchum, 11 How. 165.)

II. The record is *prima facie* evidence of jurisdiction, and must be held conclusive until clearly and explicitly disproved. The *onus* of impeaching the jurisdiction *is* on the defendant. (Taylor v. Bryden, 8 Johns. 173 ; Shumway v. Stillman, 4 Cow. 292 ; Warren v. McCarthy, 25 Ill. 95 ; Buffon v. Stimpson, 5 Allen, 591 ; Mills v. Stewart, 12 Ala. 90 ; Christmas v. Russell, 5 Wall. 305 ; Martin v. Barron, 37 Mo. 301, 306 ; Dunbar v. Hallowell, 34 Ill. 168.) This court has expressly recognized the doctrine that the action and the judgment of the court finding the service sufficient, is *prima facie* evidence of its sufficiency. (Blackburn v. Jackson, 26 Mo. 308 ; Willson v. Jackson, 10 Mo. 331; see generally Rosco v. Hackett, 3 Bosw. 579 ; Black v. Black, 4 Brad. 174 ; Lazier v. Westcott, 26 N. Y. 146 ; Bissell v. Wheelock, 11 Cush. 277 ; Fullerton v. Horton, 11 Verm. 425 ; Sturgis v. Fay, 16 Ind. 430 ; Bimeler v. Dawson, 5 Ill. 536 ; Rosenthal's Adm'r v. Renick, 44 Ill. 207 ; Biesenthal v. Williams, 1 Duvall, 332 ; Buford v. Kilpatrick, 8 Eng. 33.)

BLISS, Judge, delivered the opinion of the court.

This is an action upon a judgment by default rendered in the State of Iowa, and the defendant claims that the judgment was invalid for the reason that he was not served with process and did not appear. The following was the sheriff's return of service: "This notice came into my hands April 26, 1862, and I served same on David White by delivering a true copy of said notice to Jenny Gilman, at his usual place of residence in Keokuk, Lee county, Iowa, she being a member of his family, over the age of fourteen years, said David White not being found." This manner of notice is admitted to be in accordance with the laws of Iowa.

The defendant denied that at the time of the commencement of the suit or thereafter, he was a resident of Iowa, or was in the State, or had actual notice, but offered no evidence to sustain his answer. He objected at the trial to the admission of the record of the judgment as any evidence of indebtedness.

Had the defendant sustained his answer by evidence, it would have become necessary to consider some questions that have often been raised, and upon which the authorities have not been altogether harmonious. But as it is, I can see no question that will admit of serious discussion. A foreign judgment is *prima facie* evidence of indebtedness at the time, and becomes conclusive unless impeached. Judgments rendered in other States are not treated as foreign, and though they are not so far domestic that they can be enforced without a new judgment, they are conclusive of everything except jurisdiction over the parties or the subject-matter. The service upon defendant was good according to the laws of Iowa, and gave the court jurisdiction over his person, and the least that can be said of the judgment under it is that it furnishes *prima facie* evidence of indebtedness.

The judgment of the Circuit Court is affirmed. The other judges concur.