CHARLES P. DEATHERAGE, *et al.*, v. JOHN BURKDALL, *et al.*

1. VERDICT AND FINDINGS, *When Reviewed.* Before the supreme court can consider the question as to whether the verdict of a jury or the findings of a court are against the evidence, or not, it must be shown affirmatively in some manner that the record contains all the evidence.

2. EVIDENCE, *Wholly in Record, Not Shown.* Where the record with respect to the evidence states as follows: "The plaintiffs offered evidence tending to prove the following facts," then a statement of certain facts follows, and then the statement concludes as follows: "And thereupon, the same being submitted to the court, the court found," etc., *held,* that it is not shown that the record contains all the evidence.

*Error from Osage District Court.*

ACTION to enforce a mechanics' lien. The opinion contains a sufficient statement of the case. Judgment against defendant *Woods,* and for defendant *Burkdall,* on November 16, 1886. The plaintiffs, *Deatherage & Ewart,* bring the case to this court.

*Botsford & Williams,* for plaintiffs in error.

*Hazen & Isenhart,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The judgment of the court below in this case must be affirmed. Whether the court below erred or not in any of its rulings depends entirely upon whether it erred or not in its general findings of fact, and that question, as we think, is not fairly presented to this court, for the reason that it does not appear that the record brought to this court contains all the evidence upon which such findings were made, or all the evidence introduced on the trial in the court below. In any case, before the supreme court can consider the question as to whether the verdict of a jury or the findings of a court are against the evidence or not, it must be shown affirmatively in some manner that the record contains all the evidence. (*Cooper v. Armstrong,* 4 Kas. 30; *Turner v. Hale,*

8 id. 38; *Moody v. Arthur*, 16 id. 419; *Greenwood v. Bean*, 20 id. 240; *Winstead v. Standeford*, 21 id. 270; *Murray v. Kelley*, 23 id. 666; *Pritchard v. Madren*, 31 id. 38; *Walker v. Braden*, 34 id. 661.) The case of *Dewey v. Linscott*, 20 Kas. 684, is not in conflict with the cases above cited, nor does it aid the plaintiffs in error in this case. The record in the present case with respect to the evidence, states as follows: "The plaintiffs offered evidence tending to prove the following facts;" then a statement of certain facts follows, and then the statement concludes as follows: "And thereupon, the same being submitted to the court, the court found," etc. This certainly does not show that the record contains all the evidence in the case. Indeed it does not show that it contains any of the evidence. It is simply a recital that the plaintiffs offered evidence *tending* to prove certain facts. But how much other evidence was introduced, or how little, is not shown, and the evidence itself is not given. Neither is it shown how many other facts or how few were proved. From anything appearing in the record, there may have been other evidence introduced, of an overwhelming character and amount, tending to disprove all the facts which the plaintiffs' evidence tended to prove; and many other facts than those mentioned in the record may have been incontestably proved. The court below found generally only, making no special findings of either fact or law, and hence we cannot tell what particular facts were either proved or disproved. From the record as it is brought to this court, we cannot say that the court below committed any error, and therefore its judgment will be affirmed.

All the Justices concurring.