[Crim. No. 111. Department Two.—June 9, 1896.]

THE PEOPLE, RESPONDENT, *v.* J. W. ALDEN, APPELLANT.

CRIMINAL LAW — FORGERY — MISSPELLING OF FORGED INDORSEMENT — IDEM SONANS. — The fact that a defendant charged with the forgery of an indorsement of the name of a payee of a negotiable promissory note misspelled the name forged does not affect the crime of forgery, where the doctrine of *idem sonans* applies, and the fraudulent purpose and the felonious intent are as clearly manifested and as completely executed as they would have been if the spelling of the forged name had been entirely correct.

ID. — IMPEACHMENT OF WITNESS — COMPETENCY OF JUDGMENT-ROLL OF ANOTHER COUNTY. — An original judgment-roll of another county, offered to impeach a witness, is not rendered incompetent by reason of the fact that it was illegally taken from the clerk's office of such county without an order of court allowing its removal; nor does its competency as evidence in any way depend upon the means by which it is brought to the court where it is offered in evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WILLIAM R. DAINGERFIELD, Judge.

The facts are stated in the opinion of the court.

*George Hayford*, for Appellant.

It appears from the information that the unindorsed certificate in the name of Charles R. Woodward, after the name Chas. R. Woowared was indorsed thereon, was entirely worthless, whether said indorsement was false or true. (*People* v. *Tomlinson*, 35 Cal. 503; *People* v. *Munroe*, 100 Cal. 666; 38 Am. St. Rep. 323; *Ex parte Finley*, 66 Cal. 263; *People* v. *Bibby*, 91 Cal. 474; *People* v. *Todd*, 77 Cal. 466.) The demurrer should have been sustained, as matters *aliunde* should have been alleged to make this a case of forgery at all. The motion to instruct the jury to acquit, because the *corpus delicti* had not been proven, should have been granted. (*People* v. *Elliott*, 90 Cal. 586.) The court erred in admitting the judgment-roll of Santa Clara county in *People* v. *Alden*, as it was not accompanied by any written permission for its abstraction from the records of that county.

(Code Civ. Proc., secs. 1904, 1905, 1950, 2051; *People* v. *Johnson*, 57 Cal. 571.)   It was error to refuse to instruct the jury that forgery is the signing by one without authority, and falsely and with intent to defraud, the name of another to an instrument which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability.   (*State* v. *Thompson*, 19 Iowa, 299; *State* v. *Pierce*, 8 Iowa, 231; *Waterman* v. *People*, 67 Ill. 91; *People* v. *Tomlinson*, 100 Cal. 666; 38 Am. St. Rep. 323; *People* v. *Elliott, supra*.)

*W. F. Fitzgerald, Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

The doctrine of *idem sonans* here obtains, and under that doctrine there is no material variance in the names. (*People* v. *James*, 110 Cal. 155; *People* v. *Cummings*, 57 Cal. 88; *People* v. *Oreileus*, 79 Cal. 180; *People* v. *Leong Quong*, 60 Cal. 107; *People* v. *Leong Sing*, 77 Cal. 117; *Wells* v. *State*, 4 Tex. App. 20; Wharton's Criminal Practice, 9th ed., sec. 119; Wharton's Criminal Evidence, sec. 96; *People* v. *Fick*, 89 Cal. 145.   For definition of forgery, see Code Civ. Proc., sec. 470; *State* v. *Thompson*, 19 Iowa, 299; *State* v. *Pierce*, 8 Iowa, 231; *Waterman* v. *People*, 67 Ill. 91; 3 Chitty's Criminal Law, 1022; *State* v. *Kimball*, 50 Me. 409; *Dunn* v. *People*, 4 Col. 126; *People* v. *Caton*, 25 Mich. 388; *People* v. *Munroe*, 100 Cal. 666; 38 Am. St. Rep. 323; *Ex parte Finley*, 66 Cal. 262; *People* v. *Eppinger*, 105 Cal. 36.)   The records of Santa Clara county were properly admitted. (Code Civ. Proc., sec. 2057); and how they were obtained is of no consequence as matter of rebuttal.   (Code Civ. Proc., sec. 1875.)   Defendant's first instruction was properly refused, because already substantially given. (*People* v. *Cloonan*, 50 Cal. 450; *Bullard* v. *Stone*, 67 Cal. 477; *People* v. *Adams*, 85 Cal. 231; *Dufour* v. *Central Pac. R. R. Co.*, 67 Cal. 320; *People* v. *Madden*, 76 Cal. 521; *People* v. *O'Brien*, 78 Cal. 41; *People* v. *McCoy*, 71 Cal. 397; *People* v. *King*, 27 Cal. 505; 87 Am. Dec. 95; *People* v. *Doane*, 77 Cal. 560; *People* v. *Lenon*, 79 Cal. 626; *People* v. *Adams, supra*.)

McFARLAND, J. — The defendant was convicted of forgery, and appeals from the judgment and from an order denying his motion for a new trial.

The evidence warranted the jury in finding these facts: That appellant unlawfully got possession of a certain certificate of deposit for one hundred and forty dollars, made by the California Savings and Loan Society, and payable to the order of Charles R. Woodward, on the return of the certificate properly indorsed; that he falsely and feloniously, and for the purpose of fraudulently procuring the money mentioned in said certificate, forged on the back thereof the name Chas. R. Woowared; that he then gave the certificate thus in appearance properly indorsed to an acquaintance named Perrine, who was in the employment of Armes & Dallam, a business firm in San Francisco, and asked him to get it cashed as he (appellant) did not want to lose time; that he told Perrine that the money was his, but had been paid to Woodward for him, and Woodward had deposited it and took a certificate in his (Woodward's) own name, *and had indorsed it;* that Perrine turned it over and saw that it was indorsed, but did not notice the difference in spelling between the name indorsed and the one in the body of the instrument; that Perrine took the certificate to the bookkeeper of Armes & Dallam and asked him to cash it; that the bookkeeper referred the matter to Mr. Armes, one of the firm, who, seeing it indorsed, supposed it was all right, and indorsed it with the firm name and gave a check for the amount, whereupon the bookkeeper paid the one hundred and forty dollars to Perrine, who gave it to appellant, who upon the next day left the state. In a day or two the false indorsement was discovered; and appellant was afterward arrested in Oregon.

Appellant moved to dismiss the information; demurred to the information; objected to certain evidence; moved the court to instruct the jury to acquit; asked certain instructions, which were refused, and

made a motion in arrest of judgment. In all said matters the rulings of the court were adverse to appellant, and he took exceptions to the rulings; but it is unnecessary to notice them separately, for, upon examination, they are all found to rest upon the proposition that the facts above recited do not make a case of forgery on account of the difference in the spelling in the indorsement of the last part of the name Charles R. Woodward. This proposition cannot be maintained. The fraudulent purpose and the felonious intent to commit a forgery are as clearly manifested and as completely executed as they would have been if the spelling of the forged name had been entirely correct; and the doctrine of *idem sonans* fully applies.

The case was tried in the city and county of San Francisco; and the prosecution, for the purpose of contradicting and impeaching the appellant, who had testified as a witness, was allowed to introduce over appellant's objection an original judgment-roll in a case which had been tried and decided in the county of Santa Clara; and counsel for appellant argues that this was error, because, as he contends, this record was illegally taken from the office of the county clerk of Santa Clara county, as no order of court allowing its removal was shown — contrary to the provision of section 1950 of the Code of Civil Procedure. This position is not tenable. Whether or not the record was removed from Santa Clara county to San Francisco without authority may, perhaps, be a question of some consequence to the person who removed it, but is of no consequence in the case at bar; its competency as evidence in the San Francisco court in no way depended upon the means by which it was brought there.

We see no other point necessary to be noticed.

The judgment and order appealed from are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.