Tamyra B. Winham, Appellant, v. William L. Kline, Respondent.

St. Louis Court of Appeals, December 21, 1897.

Pleadings: PROOF. When all the averments of the petition are put in issue by the answer, and there is no evidence in the record to prove them, a judgment below for defendant will be sustained.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

No briefs furnished.

BIGGS, J.—This is an action on a judgment rendered by a justice of the peace in the state of Tennessee. The alleged judgment was rendered on the third day of August, 1887, in favor of one Travis Winham and against Pitkin C. Wright and "Will Kline." The present suit was begun on the sixteenth day of May, 1896.

The petition averred that Travis Winham had died since the rendition of the judgment; that the plaintiff was his widow and the executrix of his will, and that under the will she became the absolute owner of the property of her husband, subject to the payment of debts. It was also averred that the "Will Kline" mentioned in the judgment was the defendant, and that he had been personally served by that name.

The answer of the defendant is a general denial. It also contains a plea of the statute of limitations to the effect that plaintiff's cause of action, if she had any, was barred by section 6775 of the Revised Statutes of Missouri, 1889, which provides that "all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 6774, and *except upon judgments or decrees of a court of record,*" shall be commenced within five years. In her reply the plaintiff set forth certain provisions of the constitution and code of the state of Tennessee, which she claimed constituted a justice's court in that state a court of record. There was a trial before the court without a jury. No objections were made to the admission or exclusion of evidence, and no instructions

were asked or given. The circuit court found the issues for the defendant and the plaintiff has prosecuted an appeal to this court.

The briefs on both sides ably discuss the distinction or line of demarcation between courts of record and courts not of record. Counsel have also noted the decisions of the supreme court of the state of Tennessee, which discuss either directly or indirectly the nature and character of judgments rendered by justices of the peace in that state. This is a very interesting field, but the state of the proof is such as to preclude us from entering into it. The plaintiff averred and her proof so showed that the judgment was in favor of Travis Winham. Touching her right to sue on the judgment the plaintiff averred that Travis Winham died after the rendition of the judgment; that she is his widow; that he left a will and that by the terms of the will she became the owner of all his property after the payment of his debts. The answer put in issue all of the averments. There is not a scintilla of evidence in the record to prove them. This point is made in the brief of the respondent, to which the appellant makes no answer. The question of plaintiff's title to the judgment is at the threshhold of the case. All other questions are behind it, which would make their discussion by us unprofitable. The judgment of the circuit court must be affirmed. All concur.