TAMYRA B. WINHAM, Respondent, v. WILLIAM L. KLINE, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Judgment:** JUDICIAL NOTICE: EVIDENCE: STATUTORY CONSTRUCTION. The courts of this state can not take judicial notice of the signatures of the clerks of courts of other states, nor of their seals, nor receive them as evidence when not proved as provided for by section 4881, Revised Statutes of Missouri 1889.

2. ———: JUSTICE OF THE PEACE OF ANOTHER STATE: EVIDENCE: WITNESSES. The judgment of a justice of the peace of another state may be proven by the oath of witnesses who have compared the copy produced in evidence with the original.

3. ———: ———: ———: ———. A judgment of a justice of the peace of a sister state may be established by common law proof, by proving the statute under which the court was held, and that there was jurisdiction of the subject-matter and the person.

4. ———: RES ADJUDICATA. The plea of *res adjudicata* must fail where there is not an identity of the cause of action, or, where the merits of the subject-matter of the former suit were not litigated.

5. Foreign Judgment: PRACTICE, TRIAL. Where a foreign judgment furnishes the foundation for a suit, and was rendered on personal service, it is as binding between the parties as if it had been rendered by a domestic court.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

CARROLL & WHELESS for respondent.

The judgment of a justice of the peace of another state, while not within the act of congress as to the authentication of records, is, when proved, within the provisions of the constitution as to the full faith and credit to be given to it. 12 Am. and Eng. Ency. Law, 148m. Any competent legal evidence is sufficient to prove the judgment of a justice of the peace of another state, the same as any other matter of fact. The authorities are conclusive on that point. There is a variety of competent ways of proof. "A judgment of a justice of the peace of a sister state may be established by common law proof by proving the statute under which the court was held, and that there was jurisdiction of the subject-matter and of the person." 12 Am. and Eng. Ency. of Law, 503. "The judgment of a justice of the peace of another state may be proved by the oath of witnesses who have compared the copy produced in evidence with the original." Freeman, Judgments, sec. 577. "The justice's record may be established by a copy proved to be true by a witness who has compared it with the original, or by testimony as other facts are proved." 12 Am. and Eng. Ency. of Law, 148u; McElfatrick v. Taft, 10 Bush (Ky.), 160.

"The record of a justice of the peace may be proved by one witness, accompanied by evidence that the signature of the justice is of his handwriting, and that the justice's court had no seal." Ibid. Kean v. Rice, 12 S. & R. (Pa.) 203. The proof of the judgment sued on meets every requirement of evidence. 1. The transcript of the judgment docket is certified by the justice to be full, true and perfect, and the official character of the justice and the genuineness of his signature are certified by the clerk of the county court. 2. Any one of the above considerations is conclusive of the validity of the plea in this case as a defense. We may briefly consider these propositions *seriatim*. *Onus probandi*. It may be remarked at the outset, that *res adjudicata* is an issue of fact, and the burden of proof lies with the pleader. Respondent in his brief has never once defined the issue, and the most casual notice of his brief and argument shows that he has not conceived what *res adjudicata* is, as a proposition of law. "The burden of proof is upon the defendant who pleads *res adjudicata* because of a former judgment, to set up that judgment and to show what was determined by it, and what is common to the subsequent action; and the proof must be clear, certain and convincing. In other words it must be proven with such care and exactness as any other material facts would require." 21 Am. and Eng. Ency. Law, 202. Respondent does not define *res adjudicata*, but seems to think that because there was a former suit between these parties, the plea must needs apply, willy nilly. He is in happy unconcern as to the legal constituents of *res adjudicata* as a bar. "To make a matter *res adjudicata* there must be a concurrence of the four conditions following, namely: 1st, identity of the subject-matter; 2nd, identity of the cause of action; 3rd, identity of the persons and parties; 4th, identity

in the quality of the persons for or against whom the claim is made." 21 Am. and Eng. Ency. Law, 227. "In order to an estoppel by res *adjudicata*, there must have been a judgment. In the next place, the judgment must have been valid. Further, a judgment in order to work an estoppel against another litigation upon the same cause of action, must have been rendered upon the merits of the cause." Bigelow on Estoppel, chap. 2, p. 52; McElmony v. Cohen, 13 Peters (U. S.), 312; Morrell v. Morgan, 65 Cala. 575. "A judgment in order to be a bar to further litigation, must not have been rendered upon some mere preliminary grounds, as upon a plea in abatement or the like; the case must have gone to a full and complete termination, so that nothing is left unsettled as to the rights of the parties litigant, or the extent of those rights. In a word, the judgment must have been final and rendered upon the merits of the case." Garrett v. Greenwell, 92 Mo. 120; Short v. Taylor, 137 Mo. 519; Baker v. Lane, 137 Mo. 682; 21 Am. and Eng. Ency. Law, 265. *First*. The general denial is insufficient to raise any issue on the record of a judgment. "In an action on a judgment of a sister state, if it appears on the face of the record that the court did have jurisdiction, extrinsic evidence to contradict it is not admissible under the general plea. If it is desired to contradict it, it must be done by a formal or special plea." 2 Black, Judg. 901; Hill v. Mendenhall, 21 Wall. (U. S.) 453; Bennett v. Morley, 10 Ohio, 100. *Second*. And the only issue of "merits" that can be raised against a record of foreign judgment, by special plea, is payment, or fraud in obtaining, or want of jurisdiction. (Christmas v. Russell, 72 U. S. 290.) There is nothing of the kind pleaded here. *Third*. The former judgment being on the plea of the statute of limitations, adjudicated nothing except that the

then cause of action was barred by that statute. Such plea is only to the remedy in the forum, and has never any application to the merits of any cause of action. *Fourth.* Granting that any demand sued on is barred by the statute, there is no estoppel from bringing another action subsequently when a new promise or some other circumstance has revived the obligation, or it has been renewed, or the bar in any way removed. * * * "A decree fixing the fact that plaintiff had no title at the time of a former suit is no bar to a suit after having acquired the proper title." Bigelow, Estoppel, chap. 2, p. 56.

EUGENE MCQUILLIN for appellant.

Respondent can not sue in a dual capacity. She institutes suit as: (1) "Executrix of Travis Winham, deceased, and (2) in her own right." It appears that the alleged judgment upon which the suit is founded was rendered in favor of respondent as "executrix and sole legal representative of Travis Winham, deceased." Respondent's evidence was not sufficient to warrant a judgment in her favor, either in an individual or a representative capacity. The judgment was not legally proved. *First.* The act of congress for the authentication of records and judicial proceedings does not apply to judgments of justices of the peace. 1 Greenl. on Ev., secs. 505, 515; Freeman on Judg., sec. 577; Mills v. Durgee, 2 Am. Lead. Cas. [5 Ed.], 660; Mills v. Martin, 19 John. 33; Thomas v. Robinson, 3 Wend. 267; Commonwealth v. Green, 17 Mass. 537; Mahurin v. Bickford, 6 N. H. 657; Silver Lake Bank v. Harding, 5 Ohio St. 545; Collins v. Mathew, 5 East, 475. *Second.* The signature of the justice to the so-called transcript of his docket entries, certified by the clerk of the county court, is insufficient to prove

the judgment. Blackwell v. Glass, 43 Ark. 209. *Third.* article IV, section 1, of the United States Constitution, which requires that full faith and credit shall be given in each state to the judicial proceedings of every other state, is not violated by this position, since the issue is solely a matter of proof. Menkin v. Brinkley, 94 Tenn. 737. The former judgment is a complete legal bar to respondent's right of recovery, because it was, (1) between the same parties, (2) involved the same cause of action, (3) determined finally by courts of competent jurisdiction, and (4) was a decision involving, and determined upon, the merits of the controversy. Railway v. Levy, 17 Mo. App. 501, 507, 508, 509; Coleman v. Dalton, 71 Mo. App. 14; Goodrich v. Chicago, 5 Wall. (U. S.) 566; Packet Co. v. Sickles, 5 Wall. (U. S.) 592. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, in the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis upon which it stands. Burlen v. Shannon, 99 Mass. 202; Dickinson v. Hayes, 31 Conn. 423. The plea applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which belonged properly to the subject of litigation, and which the parties exercising reasonable diligence might have brought forward at the time. Railway v. Levy, 17 Mo. App. 501, 508; Henderson v. Henderson, 3 Hare. 115; Bailey v. Bailey, 115 Ill. 551; Donoher v. Prentiss, 22 Wis. 316; Vail v. Reinhardt, 105 Ill. 6. In no case can one be heard to complain that a judgment was rendered against him in consequence of his own neglect or unskilfullness in developing the proper issues for the decision of the court. Pray v. Hegeman, 98 N. Y. 351; Davis v. Mayor, etc., 93 N. Y. 250; Wells on Res Adjudicata,

sec. 249; Smith v. Smith, 79 N. Y. 634. Where a party fails to plead a fact he might have pleaded or makes a mistake in the progress of an action, or fails to prove a fact he might have proved which is essential to his recovery or to sustain his defense, the rule is imperative that it shall be submitted or lost and the law can afford him no relief. Burwell v. Knight, 51 Barb. (N. Y.) 269; Bridge Co. v. Sargent, 27 Ohio St. 237; Wells on Res Adjudicata, secs. 250, 251. By refusing to relieve parties from the consequences of their own neglect, the law seeks to make them vigilant and careful. On no other principle would there be any end to an action, and there would be an end to all vigilance and care in its preparation and trial. Ewing v. McNairy, 20 Ohio St. 322; Well on Res Adjudicata, sec. 251. If there is a failure to prove or to attempt to prove any of the allegations of the pleadings, a judgment is a bar to an action upon any issue declared upon but in no way proven, or upon which no evidence was offered. Pugh v. Williamson, 61 Mo. App. 165; Bassett v. Conn. River Ren. Co., 150 Mass. 178; Sutton v. Dameron, 100 Mo. 141; Crowley v. Mellon, 52 Ark. 1; Lyman v. Harvester Co., 68 Mo. App. 637; Railroad v. Levy, 17 Mo. App. 501. The doctrine of *res adjudicata* applies as well to judgments of courts of last resort as to those of *nisi prius* courts. If the same subject-matter comes in question in a second action before a court of last resort, it is bound by its own former decision. Kerr v. Cusenbary, 69 Mo. App. 221; Masterson v. Railroad, 58 Mo. App. 572; Rousey v. Wood, 63 Mo. App. 460.

BLAND, P. J.—This action is founded on a transcript of a judgment recovered by plaintiff against the defendant before a justice of the peace in the state of Tennessee, on November 10, 1897, for $719.82. The

answer was a general denial and a special plea of *res adjudicata*. A reply was filed denying the special plea. A jury being waived, trial was had by the court, who found the issues for plaintiff and rendered judgment accordingly. Motions for new trial and in arrest of judgment were timely filed, these being overruled, the defendant appealed.

The following assignment of errors are relied on by appellant for a reversal of the judgment:

*First.* That the judgment of the justice was not properly authenticated, nor was it legally proved.

*Second.* That the trial court should have found for the defendant on his plea of his former adjudication.

I.   The judgment sued on is not within the act of congress as to the authentication of records of the courts of the several states, being a court without a clerk or seal. To the transcript of the judgment was a certificate, purporting to be signed by the justice, that the transcript was full and complete as taken from his docket; to this was attached a certificate of the clerk of the county court of Davidson county, Tennessee, attested by the seal of said court, to the effect that Campbell, the justice who rendered the judgment, was a justice of the peace in said county and that his signature to the transcript was genuine. A witness was also produced, who testified that he was present when the judgment was rendered and the transcript made out; that he saw the justice sign the certificate to the transcript; that he compared the transcript with the original docket entry, and that it was a true and perfect transcript, and knew that Campbell was an acting justice of the peace. Parts of the constitution and statutes of Tennessee were read in evidence which proved that justices' courts are authorized by that constitution, and that they have been established by the legislature

of that state, and given jurisdiction over such actions as resulted in the judgment sued on. The certificate and seal of the clerk of the county court attached to the transcript has no probative force here, for the reason that the courts of this state can not take judicial notice of the signatures of clerks of courts of other states, nor of their official seals, nor receive them as evidence when not proven, as provided for by section 4881, Revised Statutes 1889, and we must look elsewhere in the record for proof of the genuineness of the transcript. "The judgment of a justice of the peace of another state may be proven by the oath of witnesses who have compared the copy produced in evidence with the original," says Freeman on Judgments, section 577. In 12 American and English Encyclopedia of Law, 503, it is said "a judgment of a justice of the peace of a sister state may be established by common law proof, by proving the statute under which the court was held, and that there was jurisdiction of the subject-matter and of the person." McElfatrich v. Taft, 12 Busch (Ky.), 160; Kaan v. Price, 12 S. & R. (Pa.) 203. The proof of the statute under which the court was held and conferring its jurisdiction was made, and the statute was read in evidence. The fact that Campbell was an acting justice of the peace, that he actually rendered the judgment and entered it in his docket, and that the transcript read in evidence was a full and complete copy of the docket entry of the judgment, and that it was signed by Campbell the justice, was all sworn to by the witness Wheless. This evidence was uncontradicted by any witness, and we think was sufficient to warrant the admission of the transcript in evidence, and that when it was admitted, it, with the Tennessee statute, furnished ample proof of the fact that the judgment was rendered by a competent

court having jurisdiction over the subject-matter and of the defendant. Hence we rule the first assignment of error against the appellant.

II. The proof of former adjudication was substantially as follows: On May 16, 1896, Tamyra B. Winham, brought suit against William L. Kline in the St. Louis circuit court on a judgment dated August 3, 1887, and rendered by W. G. M. Campbell, a justice of the peace for Davidson county in the state of Tennessee, in favor of Travis Winham, against
Res adjudicata: what it is.   William L. Kline for $445.71. Judgment in this action was for the defendant, which on appeal to this court was affirmed (Winham v. Kline, 72 Mo. App. 615). In its opinion affirming the judgment this court said: "Touching her right to sue on the judgment plaintiff averred that Travis Winham died after the rendition of the judgment; that she is his widow; that he left a will, and that by the terms of the will she became the owner of all his property after the payment of debts. The answer put in issue all of the averments. There is not a scintilla of evidence in the record to prove them." Hence it appears that for the reason that Tamyra Winham failed to show that as the heir of Travis Winham, as executrix of his estate she was capacitated to sue on the judgment she failed in her former suit. The special defense made and relied on in that suit, as appears from the record, was that the judgment then sued on was barred by the statute of limitations of this state, and that the judgment was not so authenticated or proven as to be admissible as evidence. There was no claim of payment made by the defendant; the merits were not gone into or discussed by this court; on the contrary the judgment of the lower court was affirmed for the sole reason that Tamyra Winham failed to show title in herself to the judgment sued on, or capacity to sue as executrix. In

the present suit the judgment sued on is not the identical judgment sued on in the former suit—it is different in date and amount, and is in favor of a different plaintiff. In Railroad v. Commissioners, 12 Kansas, 127, the supreme court of that state says: "To make a matter *res adjudicata* there must be a concurrence of the four conditions following; identity of the thing sued for; identity of the cause of action; identity of persons and parties to the action; identity to the quality of the persons for or against whom the claim is made." It appears that the plaintiff brought suit in Tennessee on the same judgment sued on in her former suit in this state; she was more successful there than here; she recovered there the judgment which furnishes the basis of her present suit, and it is contended that the former and latter judgments are one and the same cause of action. We can not agree to this contention; if such were the case, then the original cause of action (said to have been a note) is the real foundation of the present action, and has been kept alive by the two successive judgments. The notes were merged in the first judgment and it in turn was merged in the second judgment. The recovery of judgment on a cause of action extinguishes that cause of action; the first judgment extinguished the notes, and was itself extinguished by the second judgment. Free-

MERGER of cause of action in judgment.

man on Judg., sec. 216. As is said by Mr. Freeman at section 215, "it (the first judgment), is drowned in the judgment (the second one), and must henceforth be regarded as *functus officio.*" The plea of *res adjudicata* must fail therefore because there is not an identity of the cause of action. It must also fail because the merits of the subject-matter of the former suit were not litigated, as appears from the opinion of this court rendered in the former suit (72 Mo. App. 615). Nelson v. Bernett, 123 Mo. 564; Garrett v. Green-

well, 92 Mo. 120; Block v. Dorman, 51 Mo. 31; Bell v. Hoagland, 15 Mo. 560; Dickey v. Heim, 48 Mo. App. 114; Owens v. Link, 48 Mo. App. 534. Hence we conclude that the judgment in the former suit furnishes no bar to the prosecution of this suit, for the following reasons: *First*, because the causes of action are not identical, and, *second*, because the former judgment was not recovered on the merits of that cause of action. The judgment which furnishes the foundation for the suit in hand was rendered after the commencement of the first suit in this state and during its pendency, hence it can not be said that its merits were involved in that suit; it had no existence at the commencement of the first suit, but has sprung into life since. It was rendered on personal service, and it is as binding between the parties as if it had been rendered by a domestic court having competent jurisdiction. Barry v. White, 46 Mo. 137; Destrahan v. Scudder, 11 Mo. 484; Harness v. Green, 19 Mo. 323; Cambrid v. Central Improvement Co., 23 L. R. A. 120.

For the reasons herein stated the defendant's plea in bar is ruled against him, and the judgment affirmed. All concur.