THE STATE OF KANSAS v. JAMES N. PENDLETON,
*alias* C. S. MORRIS.

No. 13,441.    (72 Pac. 527.)

SYLLABUS BY THE COURT.

1. BIGAMY—*Marriage License in Evidence.* An original marriage license issued in another state, identified as such by a witness who knows of the fact, is not rendered inadmissible because produced by one who is not its legal custodian and does not account for his possession of it.

2. ——— *Proof of First Marriage.* In a prosecution for bigamy, the allegation of a first marriage may be proved by any competent evidence, direct or circumstantial, the same as any other fact.

Appeal from Lyon district court; DENNIS MADDEN, judge. Opinion filed May 9, 1903. Affirmed.

*C. C. Coleman,* attorney-general, and *W. T. McCarty,* county attorney, for The State.

*William S. Kretsinger,* for appellant.

The opinion of the court was delivered by

MASON, J.: James N. Pendleton was convicted of bigamy and appeals. The first assignment of error argued is based upon the admission in evidence of a paper purporting to be a marriage license issued in 1896 by the recorder of Worth county, Missouri, authorizing the marriage of Rachel Dry to defendant. The Missouri statutes showing the recorder to be the proper officer to issue marriage licenses were in evidence. It appears that the paper also contained a return or certificate of marriage, but all of the contents except the license proper were excluded by the trial court. The objection urged is that there was no sufficient authentication of the document. It was produced in court by one W. F. Osman, who testified

that he held the office of recorder of Worth county,
Missouri, at the time it bore date.   He had long be-
fore ceased to be recorder, and had no official custody
of the license, nor did he explain how he came by it.
He did, however, testify that the paper produced was
in fact the original license, issued by the deputy re-
corder.   This rendered it competent evidence.   En-
tries in public records may be proved by examined
copies made by persons not having their official cus-
tody.   (*Cooper v. Armstrong*, 4 Kan. 30; *Winham v.
Kline*, 77 Mo. App. 36; 1 Greenl. Ev. § 485.)   The
original records are certainly as good evidence as any
copies could be.   If produced by the official custodian
they are admitted without further attestation; other-
wise, there must be other evidence of their character.
But there need not be a combination of the two
methods of authentication; either alone is sufficient.
Where the records are identified by an unofficial wit-
ness, it is not material that his possession of them is
unexplained, or even that it is wrongful.   (*McLeod v.
Crosby*, 128 Mich. 641, 87 N. W. 883; *People v. Alden*,
113 Cal. 264, 45 Pac. 327.)

The other assignments of error are founded upon
the contention that there was no sufficient evidence of
the first marriage alleged in the information.   The
position of appellant is that there can be no convic-
tion under a charge of bigamy unless the state shows
the first marriage, either by direct evidence, as by a
public record or an eye-witness, or by proving admis-
sions of the marriage, coupled with cohabitation and
reputation.   In the present case there was no direct
evidence of the first marriage or of the actual fact of
cohabitation, the prosecution relying wholly upon
testimony as to admissions and reputation and cir-
cumstantial evidence.   In several states the rule has

been adopted that the first marriage must be established by positive proof of the very fact of marriage, as distinguished from a marriage that may be inferred from circumstances.

This court has already refused to follow this line of authorities in *The State v. Hughes*, 35 Kan. 626, 12 Pac. 28, 57 Am. Rep. 195. Appellant urges, however, that the doctrine of that case goes no further than that a concurrence of the three elements of admissions, cohabitation, and reputation, may sustain a conviction, and that it ought not to be extended further. This position likewise finds support in many well-considered decisions. The authorities upon this and other features of the question are gathered in the notes to pages 700–703 of volume 5 of the Cyclopædia of Law, and show a wide divergence of judicial opinion. In harmony with what we regard as the weight of authority as well as the better reason, we prefer to adopt the rule that there is nothing peculiar about an allegation of this kind requiring unusual treatment, but that it may be proved by any competent evidence, direct or circumstantial, the same as any other fact. In this view of the law, the record shows sufficient evidence to sustain the conviction.

The judgment is affirmed.

All the Justices concurring.