MATILDA BRACK, *Appellee*, V. CHARLES A. MORRIS, JR., *Appellant.*

No. 18,285.

SYLLABUS BY THE COURT.

1. PROBATE COURT—*Jurisdiction to Appoint Guardian—Decision Final.* A probate court has general jurisdiction as to the care of estates of minors, and the matter of appointing a guardian for a minor and authorizing the transfer of property through a guardian being within its jurisdiction its decision in respect to them is binding and not open to collateral attack.

2. GUARDIAN—*Appointment by Foreign Court—Proper Authentication of Records.* A document which recited that a certain person had been appointed by the probate court of a territory as guardian of a minor, and which was signed by the probate judge, who, under the law, is his own clerk, had attached thereto a certificate of the same probate judge to which the seal of the court was attached certifying that the foregoing document was a true, correct and complete copy of the original letters of guardianship as shown by the records of his office. *Held,* that it was in substantial compliance with the provisions of section 368 of the civil code governing the authentication of the records and proceedings in courts of other states.

3. FOREIGN GUARDIAN—*May be Appointed Same Guardian in This State — Necessary Evidence.* An appointment of a

Brack v. Morris. ·

guardian in another state may, for the purpose of securing an appointment of the same guardian in this state, be proven by a duly authenticated copy of the original appointment, but it is not the exclusive method of proving that such appointment had been made. Other proof, admissible under the general rules of evidence, may be received for that purpose.

Appeal from Pawnee district court. Opinion filed June 7, 1913. Affirmed.

*V. H. Grinstead,* of Liberal, and *W. H. Vernon,* of Larned, for the appellant.

*H. S. Rogers,* and *G. P. Cline,* both of Larned, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action involves the validity of a guardian's deed. Under a will of his grandfather, admitted to probate in 1887, Charles A. Morris, jr., an infant, was given a tract of land in Pawnee county, Kansas, or rather it was given to his father, Charles A. Morris, in trust for the son, with full power to control or dispose of it in any way deemed to be most advantageous to the minor son. In 1903, when Charles A. Morris and his son, the appellant, were residents of Kiowa county, Oklahoma Territory, Charles A. Morris presented to the probate court of Pawnee county, Kansas, a certified copy of letters of guardianship of appellant and asked for an appointment as guardian of his son and for authority to sell and convey the son's land. The certified copy of the appointment as presented read as follows:

"Territory of Oklahoma, Kiowa County, ss.:
"In the Probate Court of said County.

"The Territory of Oklahoma to all to whom these presents shall come, Greetings: Know ye, that Charles A. Morris, of said County of Kiowa, is hereby appointed by the Probate Court of said Kiowa County, Guardian of the person and estate of Charles A. Mor-

ris, jr., a resident of said County of Kiowa, Oklahoma Territory, and a minor, formerly of Pawnee County, Kansas, and owner of NW ¼ sec. 22, Township 22, R. 19, in last named county.

"Witness P. K. Morrill, Judge of the Probate Court of the County of Kiowa, with the seal thereof affixed, the 16th day of July, 1903.

"(Seal.)              P. K. MORRILL,
Judge of the Probate Court."

"Territory of Oklahoma, Kiowa County, ss.: In the Probate Court thereof: I, P. K. Morrill, Probate Judge of the Probate Court of Kiowa County, Oklahoma Territory, do hereby certify that the above and foregoing is a true, correct and complete copy of the original letters of guardianship in the herein entitled matter as the same appears upon the records in my office. In witness whereof I have hereunto set my hand and affixed the seal of said county at the city of Hobart, in said County and Territory, this 16th day of July, 1903.

"(Seal.)              P. K. MORRILL,
Probate Judge."

A hearing upon this application was had before the probate court of Pawnee county, Kansas, and that court made a finding that the certificate presented was duly authenticated according to law and that the guardian therein named was duly and regularly appointed and qualified according to the laws of Oklahoma Territory. Upon the giving of a bond the probate court in Kansas appointed Charles A. Morris as guardian, with authority to sell the land in question. Pursuant to that authority, the land was conveyed for a substantial consideration and the conveyance duly approved by the probate court. The appellant is seeking to recover the land, claiming that the guardian's deed conveying it is void, for the reason that the probate court of Pawnee county, Kansas, had no jurisdiction to appoint a guardian in Pawnee county or to authorize a sale.

The ground of this claim is that an authenticated copy of an appointment by the Oklahoma court was not filed in or presented to the probate court of Kansas. It

is said that the appointment could not be made in Kansas unless Morris, who was a nonresident, had already been appointed in Oklahoma or some other jurisdiction, that he must be a foreign guardian before he could be a domestic guardian, and that such appointment must be based upon an authenticated copy of the foreign appointment.   The statute provides that:

"The foreign guardian of any nonresident minor may be appointed the guardian of such minor by the court of the county wherein he has any property, for the purpose of selling or otherwise controlling that and all other property of such minor within this state.

"Such appointment may be made upon his filing in the office of the probate judge of the county wherein there is any such property an authenticated copy of the order for his appointment; he shall thereupon qualify like other guardians, except as in the next succeeding section is prescribed."   (Gen. Stat. 1909, §§ 3986, 3987.)

An appointment in Oklahoma, where Morris and his son resided, was essential to an appointment by the Kansas court.   Whether or not Morris had been duly appointed as guardian in Oklahoma was an issuable fact for the determination of the court in Kansas.   It had complete jurisdiction to try out the question and determine the fact.   A hearing was had, and upon the testimony presented the Kansas court decided that the appointment had been duly made in Oklahoma, and also that authenticated proof of the appointment had been presented.   The probate court is a court of record which has complete jurisdiction of minors and the transfer of their property through guardians, and within its jurisdiction its decisions, even though erroneous, are not open to collateral attack.   (*Howbert v. Heyle,* 47 Kan. 58, 27 Pac. 116; *Higgins v. Reed,* 48 Kan. 272, 29 Pac. 389.)

Upon the question presented the probate court was one of general jurisdiction, and its decision is just as binding as the decisions of a district court in matters

within its jurisdiction, and is no more open to collateral attack.

Again, an authenticated copy of an order is not the only means of proving an appointment. While the statute provides that proof of an appointment may be made in that manner, it does not provide that this is the exclusive method, and there is no reason why the fact may not be established by other proof admissible under the general rules of evidence. (*The State v. Pendleton*, 67 Kan. 180, 72 Pac. 527.) Apart from that consideration, the certified copy in the record, and which it is conceded was presented, appears to be a sufficient authentication of the Oklahoma order of appointment and a substantial compliance with section 368 of the present civil code. It is true that it does not have an attestation by a clerk and a certificate of a judge that the clerk is the custodian of the records and that the attesting signature is genuine, but, in view of the fact that the judge is *ex officio* clerk of the probate court, the double certificate is unnecessary to a compliance with the code provision. Presumably the law of Oklahoma Territory relating to the functions of the probate court at the time the authentication was made were the same as the law of Kansas, which provides that the probate judge shall be his own clerk; but aside from this presumption it is a recognized fact that the probate judges of the Territory of Oklahoma had jurisdiction of all probate matters, including the appointing of guardians, and that each acted as his own clerk. Since the organization of the state, county courts have been vested with probate jurisdiction and are provided with clerks, but prior to that time the judge acted in the two-fold capacity, having the custody of the seal and records, and he alone had authority to certify to copies of records and proceedings in his court. In *Case v. Huey, Adm'r*, 26 Kan. 553, it was held that an action may be maintained in this state on the judgment of a

justice of the peace of a sister state, and that such a judgment may be duly authenticated under the section we are considering, which was section 371 of the old civil code and which was reënacted as section 368 of the present code, except that the third clause of the section was omitted. It was further held that a justice of the peace of the sister state, although having no clerk or seal, might authenticate the record of his proceeding in the capacity of both judge and clerk. It was also held that although the section referred in terms to court records of foreign countries, the provision was equally applicable to the records of other states of the Union. (*Ayres v. Deering*, 76 Kan. 149, 90 Pac. 794.) Here the probate judge had, as we have seen, the sole custody of the records and of the seal of the probate court. He certified that the copy of the appointment, which was signed by him as judge, was a true, correct and complete copy of the letters of guardianship according to the records in his office, and the seal of his office was affixed to his signature as probate judge. He might have gone through the form of certifying first as clerk and then following that with another certificate as judge. Some of the courts have held this formality essential to authentication in accordance with the acts of congress. (Note, 5 L. R. A., n. s., 967.) Whatever may be necessary under that act, we are satisfied that a double certificate would be a bare formality and is not essential to a valid authentication under section 368 of the present civil code.

As the authentication was sufficient and the judgment of the probate court binding, it follows that the judgment of the district court must be affirmed.