## Streipe v. Hubbuch Bros. & Wellendorf et al.

(Decided February 25, 1930.)

T. A. LUMAN for appellant.

ROBERT F. VAUGHAN and G. H. COCHRAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Henry C. Streipe and his employers, Hubbuch Bros. & Wellendorf, were operating under the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987, as amended).

While on a ladder engaged in hanging awnings, Streipe fell to the ground and died in a few minutes. His widow, Frances Streipe, applied for compensation, which was refused by the Workmen's Compensation Board. On appeal to the Jefferson circuit court, common pleas branch, first division, the order of the board was affirmed. The widow appeals.

The evidence is as follows: Hubbuch Bros. & Wellendorf conduct a house-furnishing business, and Streipe had been in their employ for 35 years. His particular line of work was the laying of linoleum and the hanging of awnings, and he was an active and efficient workman. A few months before his death he successfully passed an examination for insurance, and the policy was issued to him. He had always enjoyed the best of health, and appeared in good health when he left home on the morning of May 29, 1928. On that day he went to a house at 417 South Thirty-Fourth street, in Louisville, for the purpose of hanging awnings. At the time he was engaged in hanging awnings at the top of the second story window and was using a ladder some 18 or 20 feet in height. He fell from the ladder, broke his right leg, and was rendered unconscious. While lying on the ground, he was groaning and moaning, but was able to turn himself from his side on to his back. The patrol wagon was summoned, but he was dead before reaching the hospital, where admittance was refused. At the direction of his family, his body was taken to an undertaking establishment, where an autopsy was performed by Dr. Roy S. Carter in the presence of Drs. W. Helmus and E. O. Witherspoon, who attended at the instance of the insurance carrier. These physicians deposed that the examination of Streipe revealed that he was suffering from myocarditis, which in their opinion caused his death. Shirley Whitehead, a truck driver in the employ of the Swiss Cleaners & Dyers, testified that he was at the house adjoining the house where the deceased was at work for the purpose of getting some clothes, on the morning of May 29, 1928. When he went up to the door of the house, he saw Henry Streipe hanging awnings. Streipe was not doing a thing but squatting and holding on to the iron awning. He was standing on the offset. He was just sitting there with his eyes closed. He was not facing the house. He was sitting sideways, stooping sideways. He saw Streipe when he started down the ladder. He got

his right foot on the ladder and his left foot slipped through the ladder. He looked weak in his knees. When he drew his foot back on the ladder he did not pull right up. He pulled up shaking like. He pulled back the foot that slipped through the rung. He then got his leg straightened up and dropped off the ladder right flat on his back. He did not grasp at anything to break his fall. He thought Streipe was drunk. Streipe fell on the ground. Streipe was unconscious, and made but one sound. He helped pick up Streipe and put him on the stretcher.

Recognizing the well-established rule that findings of fact by the Workmen's Compensation Board, supported by competent evidence, are conclusive, Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S. W. (2d) 199, counsel concedes that appellant has no case if the evidence of the physicians attending the autopsy was admissible. However, he takes the position that the evidence is not admissible because the inquest was illegally held. We find it unnecessary to determine whether or not the inquest was illegal. Even if its illegality be conceded, that fact does not render the evidence of the attending physicians inadmissible. It is unnecessary to review the authorities at length, but sufficient to say that the general rule applied in practically all jurisdictions is that the courts do not concern themselves with the method by which a party has secured the evidence which he adduces in support of his contention, and hence evidence which is otherwise admissible will not be excluded because it was fraudulently, wrongfully, or illegally obtained. 22 C. J. 192; Adams v. New York, 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; People v. Alden, 113 Cal. 264, 45 P. 327; Williams v. State, 100 Ga. 511, 28 S. E. 624, 39 L. R. A. 269; State v. Van Tassel, 103 Iowa, 6, 72 N. W. 497; Trask v. People, 151 Ill. 523, 38 N. E. 248; Commonwealth v. Tibbetts, 157 Mass. 519, 32 N. E. 910; Cluett v. Rosenthal, 100 Mich. 193, 58 N. W. 1009, 43 Am. St. Rep. 446; State v. Sawtelle, 66 N. H. 488, 32 A. 831; People v. Adams, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675.

The only exception to this rule is that evidence obtained by an illegal search or seizure contrary to section 10 of the Constitution is inadmissible in a criminal case. Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839. The reason for the exception is that this is the only way to give effect to the constitutional

provision and throw around the accused the protection which it was intended to afford. Of course there is no merit in the further contention that the evidence was obtained by an illegal search. In the first place, this is a civil action and not a criminal proceeding. The section of the constitution in question provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure. . . ." Necessarily the words, persons, houses, papers must be excluded, and the only question is whether a corpse is a possession. The word "possessions" includes nothing but property, and is confined in its application to things intimately associated with the person. Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45. While the widow has certain rights in the corpse of her deceased husband which need not now be discussed, the authorities uniformly hold that there is no right of property, in the ordinary use of the term, in the dead body of a human being. 17 C. J. 1137; Hockenhammer v. Lexington, etc., R. Co., 74 S. W. 222, 24 Ky. Law Rep. 2383; Neighbors v. Neighbors, 112 Ky. 161, 65 S. W. 607, 23 Ky. Law Rep. 1433; Finley v. Atlantic Transport Co., 220 N. Y. 249, 115 N. E. 715, L. R. A. 1917E, 852, Ann. Cas. 1917D, 726, affirmed 172 App. Div. 907, 157 N. Y. S. 1124; Davidson v. Reed, 111 Ill. 167, 53 Am. Rep. 613; Wilson v. Read, 74 N. H. 322, 68 A. 37, 16 L. R. A. (N. S.) 332, 124 Am. St. Rep. 973. We therefore conclude that a corpse is not a possession, and that a post mortem examination is not an unreasonable search and seizure within the contemplation of the Constitution.

Though the coroner's report of the inquest was not admissible and was properly excluded by the Workmen's Compensation Board, the board did not err in refusing to exclude the evidence of the attending physicians as to what they saw during the examination. Moreover, it was entirely proper for them to give their opinion as to the cause of death. The question was whether Streipe's death was due to myocarditis, or to accidental injuries, and this is the very kind of a matter concerning which the physicians, after a thorough examination, were authorized to give an expert opinion.

Judgment affirmed.