**William Michael KUZMIAK, Movant,**

v.

**Ellen FLOWERS, Administratrix of the Estate of Hubert David Flowers, Respondent.**

Supreme Court of Kentucky.

April 10, 1979.

Wayne J. Carroll, Hiram Ely, III, Ewen, MacKenzie & Peden, P.S.C., Louisville, for movant.

Shelly T. Riherd, Riherd & Richardson, Glasgow, Thomas B. Givhan, John E. Spainhour, Shepherdsville, for respondent.

CLAYTON, Justice.

Hubert David Flowers was killed on the Kentucky Turnpike in Bullitt County when he was struck by an automobile driven by the movant, William Michael Kuzmiak. Ellen Flowers, in her capacity as administratrix of the decedent's estate, instituted this wrongful death action against movant in the Bullitt Circuit Court. The evidence presented at trial was in conflict as to whether the decedent was struck while standing in the emergency lane or whether he stepped onto the highway into the path of movant's vehicle. The state trooper investigating the accident discovered that the decedent had been drinking prior to the accident and directed that a blood sample be taken from the body. Tests conducted on the blood sample indicated that the decedent was intoxicated at the time of his death. The jury returned a general verdict in favor of Kuzmiak and judgment was entered accordingly. The Court of Appeals reversed, and we granted discretionary review.

The Court of Appeals ruled that admission of the results of the blood alcohol test into evidence constituted substantial error because: (1) the evidence of intoxication was irrelevant; (2) the integrity of the blood sample was not adequately established; and (3) the taking of the sample without consent violated the decedent's constitutional right to protection from unreasonable search and seizure. We cannot agree.

First, since contributory negligence was at issue, evidence of intoxication was certainly relevant to whether the decedent exercised ordinary care for his own safety. As regards the integrity of the blood sample, our review of the record reveals that the tested blood was sufficiently identified as that of the decedent, and therefore a proper foundation was laid for its admission. *Cf. Webb v. Stone*, Ky., 445 S.W.2d 842, 844 (1969).

Concerning the third issue, we said in *Woosley v. Central Uniform Rental*, Ky., 463 S.W.2d 345, 349 (1971):

> [I]t seems to us that there are other valid reasons for securing the information made possible by the taking of a blood sample from the body of a person killed in an automobile accident. There can be no doubt that one of the major concerns and most difficult problems of law enforcement is the safety of those who use the public highways of the state. To that end, police agencies not only may but should investigate the causes of accidents on the highways within their jurisdiction. Surely such information is necessary to the development of any successful program of accident prevention.

Our opinion in *Woosley* reflects a sound public policy in favor of facilitating law enforcement officers in their investigations of highway accidents. Based on that policy, we now hold that taking a blood sample from the body of any person killed in an automobile accident falls within the legitimate scope of an investigating law enforcement officer's inquiry to seek out the cause of death.[1] In this case the removal of the blood sample was part of the state trooper's investigation of the accident, and did not amount to an unreasonable search and seizure. Therefore, the trial court did not err in admitting the blood alcohol test results into evidence.

The decision of the Court of Appeals is reversed, and the judgment of the Bullitt Circuit Court is affirmed.

All concur.

---

1. The "misgivings" mentioned in *Woosley* were misconstrued by respondent and the Court of Appeals. What we questioned in *Woosley* was the soundness of the common law rule set out in *Streipe v. Hubbuch Bros. & Wellendorf*, 233 Ky. 194, 25 S.W.2d 358 (1930), that evidence is not inadmissible because it was wrongfully or illegally obtained. For that reason we chose to base our decision on public policy, grounds upon which we had no misgivings.