NEW-YORK,
October, 1816.

SHEPARD
v.
MERRILL.

## SHEPARD *against* MERRILL.

IN ERROR, from the court of common pleas of the county of *Oneida*.

The defendant in error brought an action of slander in the court below against the plaintiff in error. The declaration contained two counts; in the first it was alleged, that the defendant had charged the plaintiff with stealing his shingles; and in the second count, that he had said that the plaintiff and one *Tucker* had stolen his shingles. The defendant below pleaded the general issue, and gave notice therewith that he should give in evidence on the trial, that he, the defendant, " on leaving a house in *Whitestown*, demised to the plaintiff and *Joseph Tucker*, left on the premises two thousand shingles, with direction to one *John Mills* to sell the same; that afterwards the plaintiff solely, or with the said *Tucker*, without any authority of the defendant, sold the shingles, and on the defendant's inquiring for the shingles, denied that he knew any thing about them, or what had become of them, and refused to account therefor; wherefore the defendant, on coming to the knowledge of the said facts, related the same, stating the circumstances, as he was warranted in doing."

The cause was tried at the *March* term, 1816, of the court below, and, the plaintiff having made out his case, the defendant offered to prove, as a justification under the notice, that the charge of theft was true, and that the plaintiff had, in fact, been guilty of the charges made, which being objected to, the court overruled the testimony as a justification, on the ground that no notice, to that effect, had been given. The defendant then offered to prove the same fact in mitigation of damages, which the court also overruled. He then offered to prove the fact contained in the notice annexed to his plea, as an explanation of the charge, but offered no evidence whatever to show that any such explanation was given when the charges were made, which being objected to, the court overruled the same, and the jury found a verdict for the defendant in error. A bill of exceptions was tendered by the defendant below to the opinion of the court, which was removed into this court, by a writ of error,

*In an action of slander for charging the plaintiff with having stolen the defendant's shingles, a justification, stating that the plaintiff had sold the defendant's shingles without his authority, and afterwards denied that he knew any thing respecting them, without alleging that the plaintiff took them privately or feloniously, does not amount to a charge of larceny, and is bad as a justification; nor can those facts be given in evidence in mitigation of damages.*

*A notice of special matter, to be given in evidence under the general issue, although not required to be in the strict technical form of a plea, yet must contain all the facts necessary to be stated in a special plea.*

*The truth of slanderous words cannot be given in evidence under the general issue, without notice, either as a justification, or in mitigation of damages.*

*Where the record is made up, a general assignment of errors is sufficient.*

NEWYORK,    A preliminary objection to hearing the bill of exceptions
October, 1816.  read was made by the counsel for the defendant in error, that
SHEPARD    the assignment of errors was general to the whole record, and
v.         not to the bill of exceptions.
MERRILL.

THOMPSON, Ch. J. Where the record is made up, we have
not required a special assignment of errors to the bill of excep-
tions, but have considered the general assignment of errors as
sufficient.

Talcot, for the plaintiff in error, contended, that the evidence
offered at the trial ought to have been received in justification;
that the notice, though not drawn with the technical precision
of a special plea, was sufficient for the purpose of apprising
the plaintiff of the ground of defence; that if the facts stated in
the notice amounted to felony, or would justify a jury in drawing
the inference that it was a felonious taking, it was all that was
necessary.* That circumstantial evidence might be given
in evidence in mitigation of damages.†

*1 Johns. Cases,
279. 8 Johns.
Rep 465.
†Peak's Ev.257.
2 Campb. Rep.
251.

Storrs, contra, insisted, that the notice of justification ought to
state a felonious taking, or circumstances amounting to a felony;
that this notice contained no allegation of a felony, but stated
merely a breach of moral obligation, or of an implied contract.
Truth cannot be given in evidence, even in mitigation of da-
mages, without notice.‡

‡ Runyan v.
Nicolls,11 Johns.
Rep. 547.

SPENCER, J., delivered the opinion of the court. The court be-
low properly excluded the evidence offered on the trial. Notice,
under the statute, must apprise the opposite party of every ma-
terial fact intended to be given in evidence. The statute (1
N. R. L. 515.) authorizes a defendant to plead the general is-
sue, and to give any special matter in evidence which, if plead-
ed, would be a bar to the action, giving notice with the plea, of
the matter, or several matters, so intended to be given in evi-
dence.
The true way to test the sufficiency of a notice, is to inquire
whether the matters contained in it, if pleaded specially, would
be good on general demurrer. Applying that test to this case,
the answer is obvious. The declaration alleges that the de-
fendant below charged the plaintiff below with a theft; and the

notice states that the plaintiff below sold the defendant's shingles, without authority, and that he, afterwards, denied that he knew any thing about the shingles. This, by no means, imputes a larceny, but rather the telling a lie. It is not stated that the shingles were taken privately, or feloniously; and if they were not, a subsequent denial of taking them would not make the taking felonious. A notice need not partake of the form and strict technicality of a special plea, but it must contain the substance of a plea; or, otherwise, what was intended for the ease and accommodation of one party, would operate most injuriously to the other, by surprising him with facts which he could not expect to meet. The case of *Lawrence* v. *Knies*, (10 *Johns. Rep.* 142.,) contains the principle which I have endeavoured to elucidate.

No principle is better established, than that the truth of slanderous words cannot be given in evidence under the general issue, either as a defence, or in mitigation of the damages.

The facts offered to be proved on the trial of this case, under the notice, and in mitigation of damages, were irrelevant, and, therefore, correctly excluded.

Judgment affirmed.