BARROWCLIFF, (UNITED STATES v.) See Case No. 14,528.

BARROWS, In re. See Case No. 1,057.

---

## Case No. 1,058.

### BARROWS v. CARPENTER.

[1 Cliff. 204.][1]

Circuit Court, D. Rhode Island. Nov. Term, 1858.

LIBEL AND SLANDER—PLEADING—TRUTH AS A DEFENSE.

1. In an action of libel, if the defendant intends to rely on the truth of that which he has published, either in bar of the action or in mitigation of damages, he must plead it specially; he cannot give in evidence the truth of the imputation without pleading such truth as a justification.

2. Where the charge is general in its nature, the defendant in a plea of justification must state some specific instances of the misconduct imputed to the plaintiff, but irrelevant matter will not vitiate, even on special demurrer.

3. It is sufficient if the defendant's plea answer the whole substance of the plaintiff's declaration.

4. The plea is required to state the substantial facts which constitute the elements of the charge when it is general.

At law. Action on the case for libel [by Ira Barrows against Benoni Carpenter. Heard on demurrer to plea. Demurrer overruled.]

The subject-matter of the complaint in the declaration was the republication, in a newspaper called "The Business Directory," published at Pawtucket, of an article which originally appeared in the "Boston Medical Journal." At the argument, it was agreed that the declaration was in the usual common-law form, with the usual and necessary

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

innuendoes; and the court was furnished with a printed copy of the article which was the subject of complaint. As originally filed, the pleas were the general issue, and a special plea partaking of the nature of a plea of privileged communication. To the special plea the plaintiff demurred, and the court sustained the demurrer; but on motion to the court for that purpose, the defendant had leave to withdraw his special plea, and to file a substitute in its place. He availed himself of the leave granted, and filed a plea of justification which stated the particulars of the charge in the libel. To this plea the plaintiff demurred specially, showing twenty causes for its insufficiency. Some of the causes assigned were abandoned at the argument; others were overruled by the court, upon the ground that the objections set forth in them, being based upon merely verbal or clerical errors, such errors in the plea might be amended as of course. The character of the other causes set down in the demurrer sufficiently appears in the opinion of the court.

R. Mathewson and A. Payne, for plaintiff.
C. S. Bradley, for defendant.

CLIFFORD, Circuit Justice. In the first place, the plaintiff complains that the defendant, in the introductory part of his plea, has introduced and attempted to put in issue matters of fact not necessary to be alleged, and which are wholly impertinent and foreign to the cause. Various specifications are made under this head, but, in the view we have taken of the plea, they may all be considered together. Defences in actions of libel and slander, which go to a general denial of the whole declaration, must be tried under the general issue. Certain other defences must be pleaded specially, and cannot be thus given in evidence, even although they afford a conclusive bar to the action. Whenever the defendant means to insist that the imputation of the charge, as laid in the declaration, is true, he must plead such defence specially, for the reason that the matter which supplies the justification is collateral to the cause of action, and the proof of it does not contradict or repel any fact which the plaintiff would be bound to prove. On grounds of convenience and policy, also, it is obviously just and necessary that a party charged with the commission of an illegal or immoral act should be apprised of the nature and circumstances of the charge, in order that he may be prepared to meet it, and, if it be unfounded, to refute it. These considerations induced courts of justice at a very early period to adopt the rule that the defendant, if he means to rely on the truth of that which he has published, either in bar of the action or in mitigation of damages, must plead it specially. No rule can be more firmly established than that the defendant cannot give in evidence the truth of the imputation, without pleading such

truth as a justification. Underwood v. Parks, 2 Strange, 1200; Smith v. Richardson, Willes, 20; 1 Chit. Pl. (12th Amer. Ed.) 494; Shepard v. Merrill, 13 Johns. 475. Confine the application of the rule to the precise case described, and the law is clear; but there are two kinds of defences, in actions of this description, which constitute a complete bar to a recovery. One is properly denominated a justification, and consists in showing the entire truth of the charge which is the subject of complaint, and therefore falls within the rule already stated, and must always be specially pleaded; but the other consists in showing that the utterance or publication was honestly made by the defendant, believing it to be true, and that there was a reasonable occasion or exigency in the conduct of his own affairs, in matters where his interest was concerned, which fairly warranted the publication. Proof of such facts go to negative the inference of malice, and, consequently, afford a defence to the action, unless express malice be proved by the plaintiff. Evidence to maintain a defence of this latter kind is admissible under the general issue, or the defence may be specially pleaded at the election of the defendant. Hastings v. Lusk, 22 Wend. 416; Lillie v. Price, 5 Adol. & E. 645; Swan v. Tappan, 5 Cush. 104; Fairman v. Ives, 5 Barn. & Ald. 642; Somervill v. Hawkins, 3 Eng. Law & Eq. 503; Toogood v. Spyring, 1 Cromp., M. & R. 181; 2 Greenl. Ev. § 421; Bradley v. Heath, 12 Pick. 163. On the other hand, it is perfectly well settled, as before remarked, that the defendant cannot be permitted to prove the truth of the words under the general issue, either in bar of the action or in mitigation of damages. 2 Greenl. Ev. § 424. Every plea of justification, setting up the truth of the charge, ought to confess the publication, as laid in the declaration, otherwise it will be bad on demurrer. Three rules are suggested by Mr. Chitty, which it would be well to follow in framing such a plea: 1. He says it is necessary, although the libel contain a general imputation upon the plaintiff's character, that the plea should state specific facts, showing in what particular instances and in what exact manner he has misconducted himself; 2. That the matters set up by way of justification should be strictly conformable with the charge laid in the declaration, and must be proved as laid, at least in substance; and 3, That, if the matter of justification can be extended to the whole of the libel or slander, the plea should not be confined to a part only, leaving the rest unjustified. 1 Chit. Pl. (12th Amer. Ed.) 495. Numerous cases are reported where the plea has been held bad, as wanting the requisites prescribed in the first rule, because the pleader had not shown the particular instances of illegal or immoral conduct imputed to the plaintiff, or in what exact manner they had occurred. Parke, B., said in Hickinbotham v. Leach,

10 Mees. & W. 363, that it is a perfectly well-established rule, in cases of libel or slander, that, where the charge is general in its nature, the defendant, in a plea of justification, must state some specific instances of the misconduct imputed to the plaintiff. His views in that behalf are nothing more than a repetition of the first rule prescribed by Mr. Chitty and other writers upon the law of pleading, and appear to be sustained by all the well-considered cases upon the subject. Newman v. Bailey, 2 Chit. 665; Holmes v. Catesby, 1 Taunt. 543; Jones v. Stevens, 11 Price, 235; J'Anson v. Stuart, 1 Term R. 748. In this last case, the objection to the plea was the opposite of the present one, and it was decided that the plea was bad, on account of its generality. Among other reasons given for the decision, it was said by Ashurst, J., that the charge laid in the declaration was the charge of the defendant, and the plaintiff was bound to state it as it was made, but it does not follow that the defendant ought to justify in so general a way..... When he took upon himself to justify generally, he must be prepared with the facts which constitute the charge, in order to maintain his plea; then he ought to state those facts specifically, to give the plaintiff an opportunity of denying them; for the plaintiff cannot come to the trial prepared to justify his whole life. Beyond question, the correct rule of pleading in such cases is stated by Mr. Starkie, when he says that a party charged with an illegal or immoral act has a right to be apprised, by means of a special plea, of the nature and circumstances of the charge, in order that he may be prepared to meet it. 1 Starkie, Sland. & L. 466. Similar views were held by the supreme court of New York in Van Ness v. Hamilton, 19 Johns. 368; and also in O'Brien v. Bryant, 16 Mees. & W. 170, where an amendment was allowed to the plea, stating the circumstances with greater latitude than is done in the present case. Applying these principles to the plea under consideration, it is obvious that the objection cannot prevail. Care should be taken, undoubtedly, both in framing the declaration and the plea responsive to it, not to allege the collateral circumstances too minutely, and not to allege more than is necessary; for where the actionable quality of the publication depends wholly on its connection with collateral matter, a variance in a material point in the proof of those matters might be fatal to the party committing the mistake. But suppose the rule were otherwise, and that the particularity of statement in this plea were unnecessary, still it could not benefit the plaintiff in the present state of the pleadings. Matter wholly foreign and irrelevant to the cause may be rejected, as surplusage in a plea, as well as in a declaration or an indictment. Such irrelevant matter will not vitiate even on special demurrer, it being a maxim of the law that utile per inutile non vitiatur. 1

Chit. Pl. (12th Amer. Ed.) 228; Com. Dig. tit. "Pleader," C, 29. By these remarks we do not mean to admit that the plea contains any matter foreign to the issue. On the contrary, we are of the opinion, if the statements are true, they are no more than a proper explanation of the nature and circumstances of the charge; and in point of fact, that, if less had been stated, the plea would have been objectionable, on the ground of generality. If the statements of the plea are untrue, they may be denied by the plaintiff in his replication, and we have no doubt that such is his proper remedy.

Complaint is also made that the plea does not fully answer the declaration. None of the authorities, when carefully examined, require any more of the defendant than that his plea should answer the whole substance of the plaintiff's declaration. When the plaintiff has proved the substance of his declaration, he has made out his case; and upon the same ground, and for the same reason, when the pleadings and proofs of the defendant have substantially answered the charge, as laid in the declaration, the defense is complete. 1 Starkie, Sland. & L. 374.

Another ground of complaint is that the plea is wanting in the requisite certainty to apprise the plaintiff of the nature and circumstances of the charge. Courts of justice agree that a plea of justification, in actions of libel and slander, must contain a specific charge set forth with certainty and particularity; and it is sometimes said that the plea ought to state the charge with the same precision as in an indictment. To maintain an action of libel, however, it is not necessary that the publication should impute an actionable offense to the plaintiff. Any writing, picture, or sign which derogates from the character of an individual, by imputing to him either bad actions or vicious principles, or which tends to diminish his respectability and abridge his comforts, by exposing him to disgrace and ridicule, is actionable without proof of special damage. Cooper v. Greeley, 1 Denio, 363; Clark v. Binney, 2 Pick. 115. When the charge is general the defendant is required to state the substantial facts which constitute its elements; and when that condition is fairly fulfilled, he has done all that the law requires to maintain his plea. Such a plea, says Spencer, C. J., in Van Ness v. Hamilton, 19 Johns. 368, must be certain to a common intent. It must be direct and positive in the facts set forth, and must state them with all necessary certainty. All the material facts set forth in the plea must be considered as admitted by the demurrer; and, assuming them to be correctly stated, it is difficult to perceive in what other manner the justification in this case could have properly been interposed. One of the specifications under this head is, the want of a more definite description of the territory claimed to be included in the "circle of professional business" embraced in the contract between

2FED.CAS.—60

these parties. That phrase is the one employed by the parties in making the contract, and the contract is fully set forth in the plea. Both parties having adopted that description as one suitable to express their intentions, it cannot now be held that it is insufficient to apprise the plaintiff of the nature and circumstances of the charge. Without entering more into detail, we are of opinion that the plea is sufficient, and the demurrer is accordingly overruled.