### ALBERT P. CHAPIN vs. ANDREW WHITE.

Under a declaration for slander, alleging that the defamatory words were spoken in the presence and hearing of " divers citizens of the Commonwealth," proof of a speaking in the presence and hearing of only one third person, not a citizen of the Commonwealth, is a fatal variance.

TORT for slander. The first count of the declaration, the caption of which was, " Superior Court for the County of Hampshire and Commonwealth of Massachusetts," alleged that the defendant " publicly, falsely and maliciously accused the plaintiff of the crime of perjury by words spoken of and to the plaintiff, in the presence and hearing of divers citizens of said Commonwealth, substantially as follows : " setting forth the words. The second count alleged that " the defendant publicly, falsely and maliciously accused the plaintiff of the crime of perjury, by words spoken of the plaintiff, substantially as follows : " setting forth the words. The defendant in his answer denied that he accused the plaintiff of the crime of perjury as set forth in either count, and justified the speaking of the words charged in the second count.

At the trial in the superior court, before *Rockwell*, J., the only evidence of the speaking of the words alleged in either count was of a speaking in the presence of the plaintiff and of only one other person, a citizen of Connecticut. The defendant objected that this evidence was not competent to prove publication under the first count. Both plaintiff and defendant were citizens of the Commonwealth. The instructions of the judge to the jury, so far as they related to the second count, were not objected to by the plaintiff; so far as they related to the first count, his objections thereto are now immaterial. The jury found for the defendant ; and the plaintiff alleged exceptions.

*S. T. Spaulding*, for the plaintiff.

*W. Allen*, for the defendant.

COLT, J. The first count in the plaintiff's declaration charges the defendant with having accused the plaintiff of the crime of perjury, in the presence and hearing of divers citizens of the

Commonwealth. The answer denies the charge as set forth in this count.

The only proof of publication offered was, that the accusation was made in the presence of the plaintiff and a citizen of Connecticut. It was objected that this was not competent to prove the publication alleged. The court are of opinion that, under the pleadings, the objection is well taken.

The fact of the publication of the words by the defendant must be alleged and substantially proved. If alleged generally, the fact may be proved by any person who heard them. But if the pleader adds any allegation which narrows and limits that which is essential, it becomes descriptive, and must be proved as alleged. It identifies the slander. 1 Greenl. Ev. § 56. The plaintiff failed to prove the publication of the slander as alleged in his first count, and it is unnecessary to consider the instructions given, so far as they have reference to it.

In the second count, the alleged publication is not so limited. The defendant justifies the slander charged in it. And under the instructions given, to which no valid objection can be made, so far as they relate to this count, the jury have found for the defendant.                    *Exceptions overruled.*