### FRANCIS A. PERRY *vs.* EDWARD F. PORTER.

Suffolk.   Nov. 20, 21, 1877. — April 1, 1878.   COLT & LORD, JJ., absent.

A count in slander, alleging that the defendant accused the plaintiff of the crime of larceny, is not sustained by proof of words accusing the plaintiff merely of deception and fraud.

A count in slander, alleging that the words were spoken to the trustees of a corporation, for the purpose of preventing the plaintiff's reëlection as their secretary, is not sustained by proof of the words spoken to a person who was one of such trustees, in the absence of evidence that they were spoken to him as a trustee or for such purpose.

The exception, stated in § 77 of the Gen. Sts. c. 129, providing that the truth of a libel shall be deemed a sufficient justification, "unless malicious intention shall be proved," applies to civil actions as well as to criminal prosecutions.

TORT, with a count for libel, and others for slander.   After the former decision, reported 121 Mass. 522, the case was tried in this court, before *Soule*, J., who, after a verdict for the defendant, allowed a bill of exceptions, the substance of which appears in the opinion.

*A. A. Ranney*, for the plaintiff.

*G. A. Somerby & L. W. Howes*, for the defendant.

MORTON, J.   The plaintiff's declaration contains thirteen counts for slander and a count for libel.   Of the counts for slander he has furnished us with copies of the fifth, seventh and tenth only, and we assume that he now relies only upon these three counts.

At the close of the trial, the court ruled that there was no evidence to support the counts for slander.   The correctness of this ruling presents the first question in the case.

The fifth count alleges that the defendant accused the plaintiff of the crime of larceny by words spoken of and concerning the

plaintiff, substantially as follows : " He (meaning the plaintiff) is a rascal, a villain and a thief." To sustain this count, the plaintiff must prove that the defendant accused him of the crime of larceny by words substantially like those alleged. *Payson* v. *Macomber*, 3 Allen, 69. There was no evidence in the case that the defendant used the words charged, or any similar words. The words used by the defendant, as testified to by the witness. accuse the plaintiff of deception and fraud towards Mrs. Atkins, but they do not impute, and could not have been understood as charging, the crime of larceny.

The seventh count alleges that the defendant accused the plaintiff of the crime of larceny, or some other criminal offence, by words spoken of and concerning the plaintiff substantially as follows : " He (meaning the plaintiff) has done that which was in fact no better than stealing," meaning thereby that the plaintiff had committed the crime of larceny or some other criminal offence. " That said false and malicious accusations were made to the trustees of Boston University and members of Boston Wesleyan Association (of each of which corporations the plaintiff was a member, and secretary of said trustees) and to others, and made to said trustees for the purpose of causing the plaintiff's removal and to prevent his reëlection as secretary of said trustees." The count then proceeds to allege as special damage the loss of the plaintiff's reëlection as secretary of the trustees of Boston University.

The tenth count alleges that the defendant accused the plaintiff of the crime of gross fraud, by saying of him, " He has committed gross fraud," and in all other respects is like the seventh count.

The allegation in these counts, that the said false and malicious accusations were made to the trustees of Boston University and members of Boston Wesleyan Association and others, is material. The fact of the publication of the slander must be proved as alleged. If the plaintiff alleges a publication generally, the fact may be proved by any person who heard the words. But if he adds any allegation which narrows and limits that which is essential, it becomes descriptive and must be proved as laid. *Chapin* v. *White*, 102 Mass. 139. *Downs* v. *Hawley*, 112 Mass. 237.

The allegation we are considering limits and narrows the general allegation of publication. It identifies the slander upon which the plaintiff relies, and must be proved as laid. There was no evidence that the publication by the defendant of the alleged slanderous words was made to the trustees of Boston University as a body, or to any of the members or trustees, or to members of the Boston Wesleyan Association, or for the purpose of preventing the plaintiff's reëlection as secretary.

The plaintiff proved three publications, two by the witness Clark, the other by the witnesses Sleeper and Benyon, upon either of which he might elect to rely. But the proof as to neither of them corresponds with the allegation that it was made to the persons described, for the purpose alleged. The fact that the person to whom the accusation is made happens to be one of the trustees is not sufficient to satisfy the allegation that it was made to the trustees of the Boston University.

We are therefore of opinion that the court correctly ruled that the counts for slander could not be maintained upon the evidence.

In regard to the count for libel, the vital question is as to the correctness of the ruling of the court, that, if the jury found the matter contained in the publication charged as libellous to be true, this was a complete defence to the action.

The plaintiff relied upon the Gen. Sts. c. 129, § 77, and contended that the truth was not a justification and defence, if it was proved that the article was published with express malice. But the court ruled that the exception in the statute was not applicable to a civil action, and that proof of the truth was of itself a defence.

At common law, in private actions for libel or slander, proof of the truth is a justification. But in public prosecutions the rule was otherwise, and it was accordingly held in *Commonwealth* v. *Blanding*, 3 Pick. 304, that on an indictment for libel the truth of the matter published was not admissible in evidence. Probably in consequence of this decision, the Legislature enacted in 1827 that in every prosecution for a libel the defendant might give in evidence in his defence the truth of the matter charged to be libellous, but that such evidence should not be a justification unless it was made to appear that such matter was published with good motives and for justifiable ends. St. 1826, c. 107, § 1.

This was reënacted in the Rev. Sts. *c.* 133, § 6, and remained the law until 1855, when it was provided that "in every prosecution, and in every civil action for writing or for publishing a libel, the defendant may give in evidence, in his defence upon the trial, the truth of the matter contained in the publication charged as libellous; and such evidence shall be deemed a sufficient justification, unless malicious intention shall be proved." St. 1855, *c.* 396, § 1.

This provision was without change incorporated into the Gen. Sts. *c.* 129, § 77. It is true that all the prior legislation had been, not in the direction of limiting the effect of proof of the truth in civil actions, but in the direction of enlarging its effect in favor of the defendant in a criminal prosecution. The St. of 1826 for the first time permitted the truth to be given in evidence as a justification in criminal prosecutions. Under its provisions, the burden of proof was upon the defendant to show not only the truth of the matter charged to be libellous, but also that it was published with good motives and for justifiable ends. *Commonwealth* v. *Bonner*, 9 Met. 410.

The St. of 1855 goes further in favor of defendants in criminal prosecutions and throws the burden on the government, if the defendant establishes the truth, of proving that the publication was made with malicious intention. In this respect, it accords with the general tendency of modern legislation to make the proof of the truth more effective in the defence of a prosecution for libel.

These considerations, and the further argument that, if the Legislature had intended to make so important a change in the law of libel in civil suits, it would have done so in direct affirmative language, afford some ground for the inference that it was not intended that the exception in the concluding words of the St. of 1855 should apply to civil actions.

But, on the other hand, we must construe the words of the statute "according to the common and approved usage of the language" unless such construction would be inconsistent with the manifest intent of the Legislature. Gen. Sts. *c.* 3, § 7, *cl.* 1.

This statute in its terms is made applicable "in every prosecution and in every civil action for writing or for publishing a libel." The provisions that the truth may be given in evidence,

and if proved shall be a sufficient justification, undoubtedly were intended to apply to civil and criminal proceedings. According to the common and approved usage of the language, the exception or qualification contained in the words, "unless malicious intention shall be proved," also applies to civil actions as well as to criminal prosecutions; and we are not able to see either in the context or in the history of previous legislation upon the subject, sufficient evidence of a manifest intent of the Legislature that it should be limited to criminal prosecutions.

. We are of opinion, therefore, that the court erroneously ruled at the trial that the exception in the statute did not apply to a civil action, and that the proof of the truth was of itself a defence. But, as this error affected only the count for libel, and as the plaintiff has fully tried his counts for slander, we are of opinion that a new trial should be granted only upon the count for libel.                          *Exceptions sustained.*