## C. B. QUAID v. L. D. TIPTON.

### Decided April 22, 1899.

1. **Slander—Justification—Evidence.**

One who calls another a thief in having stolen rent cotton may justify the statement in an action for slander by showing that the other stole rent cotton in another transaction than that of which the offense was charged by the statement complained of, as the gist of the charge is the theft of rent cotton, and it is immaterial in what transaction it occurred.

2. **Same—Charge of Theft—Element Omitted.**

An accusation of theft of cotton is not justified in an action for slander by showing merely appropriation of the cotton by the plaintiff without the owner's consent, when it was part of that due as rent for the premises on which the plaintiff resided, as the fraudulent intent is an essential element of theft, and the justification must be as broad as the charge.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Stewart & Bell* and *C. R. Pearman,* for appellant.

*Potter & Potter,* for appellee.

CONNER, CHIEF JUSTICE.—This was a suit by appellant for damages on account of slanderous charges alleged to have been made by appellee. The trial resulted in a judgment for appellee, and hence this appeal.

There was evidence that appellee on several occasions charged appellant with being a thief, and with having stolen cotton alleged to be due appellee from appellant as rent for the year 1896, appellant being a

tenant on appellee's farm. The evidence tended to show that these charges related particularly to a bale of cotton hauled by appellant and another in the direction of Collinsville by unusual course, under circumstances tending to indicate a fraudulent purpose to secretly dispose of said bale of cotton, out of which it was charged the rent had not been paid.

Appellant and others on the trial testified that this bale of cotton belonged to others, and not appellant, and explained the cause of the direction taken and the circumstances, consistent with an honest purpose. On the trial appellant admitted having taken some cotton to the city of Gainesville raised on appellee's farm during the year in question, which he sold and out of which he had not then paid the rent. He testified that there was but 175 pounds of this cotton; that he had taken and sold it for medicine for a sick child, and that he afterwards paid the rent, and generally explained this transaction in such manner as that a jury might find that this sale was without fraudulent intent on appellant's part to thereby deprive appellee of his rent cotton, if any was due him.

There was, however, also evidence tending to show that appellant disposed of this cotton in Gainesville with intent to fraudulently appropriate the rent cotton therein. This evidence, however, was directly contradicted by appellant and his wife. There was also evidence tending to show that appellant raised more cotton on appellee's farm in 1896 than he ever accounted for, though this also was denied or explained in the testimony of appellant.

The assignments of error raise two principal questions. It is first insisted, in effect, that proof that appellant stole rent cotton out of the cotton sold in Gainesville will be no justification for the charge that he stole the rent cotton out of the bale so taken in the direction of Collinsville. We think the gravamen of the charge made by appellee, as shown by the evidence on the trial below, was that appellant was a thief; that he had stolen his rent cotton. This was the substance of the issue, and we are not prepared to hold that, to constitute a justification, the proof must establish the theft of the rent cotton out of the particular bale or the specific number of pounds comprehended within the terms of the charge.

Mr. Odgers, in his work on Libel and Slander, star page 170, says: "But where the gist of the libel consists of one specific charge which is proved to be true, defendant need not justify every expression which he has used in commenting on the plaintiff's conduct. Nor, if the substantial imputation be proved true, will a slight inaccuracy in one of its details prevent defendant's succeeding, provided such inaccuracy in no way alters the complexion of the affair, and would have no different effect on the reader than that which the literal truth would produce. If epithets or terms of general abuse be used which do not add to the sting of the charge, they need not be justified; but if they insinuate some further charge in addition to the main imputation, or imply some

circumstance substantially aggravating such main imputation, then they must be justified as well as the rest.   In such a case it will be a question for the jury whether the substance of the libelous statement has been proved true to their satisfaction, or whether the fact not justified amounts to a separate charge or imputation against the plaintiff, substantially distinct from the main charge or gist of the libel, or at least amounts to a material aggravation of such main charge.   'It would be extravagant,' says Lord Denman, 'to say that in cases of libel every comment upon facts requires a justification.   But a comment may introduce independent facts, a justification of which is necessary.   A comment may be the mere shadow of the previous imputation; but if it infers a new fact, the defendant must abide by that inference of fact, and the fairness of the comments must be decided by the jury.' "

To the same effect is the law given in Mr. Newell's work on the same subject, page 654, section 75.

We feel unable to say that the variance or apparent variance here insisted upon in any "way alters the complexion of the affair" or produces a different effect on the mind, or amounts to a substantial aggravation of the main charge.   Had the charge been that appellant stole the rent cotton out of the cotton sold in Gainesville, and also out of the bale hauled in the direction of Collinsville, it might well be insisted that one was an aggravation of the other,—that the charge of two separate thefts gave additional weight and volume to the opprobrium naturally arising from a simple charge of theft of cotton.   But we do not so understand the record in this cause.   The charge, in substance and in effect, here shown was that appellant had stolen rent cotton, and we are unable to appreciate any difference in the moral turpitude involved, whether the proof shows the theft of the rent cotton in one or the other of the two transactions indicated; and we therefore overrule all assignment of error relating to this question.

It is next insisted that the court erred in giving the latter clause of the following charge: "If you find that defendant did charge plaintiff with stealing cotton from defendant, yet if you also find that said charge was true, this would justify defendant in the use of such language, and you will find for defendant.   Or if you find from the evidence that plaintiff appropriated to his own use and benefit, without the consent of defendant, any part of said cotton due defendant by plaintiff, this would justify said language, and you will find for defendant."

We think the objection to this charge is unquestionably well taken. The law undoubtedly is that the justification, if any, must be as broad as the charge, and must justify the precise charge.   See Odgers, star page 169.

"To justify for a charge of a crime, the defendant must fasten upon the plaintiff all the elements of the crime, both in act and intent."   See note to Warner v. Clark, 21 Law. Rep. Ann., 504, citing McBee v. Fulton, 47 Md., 403.   We think this a sound and salutary principle of law, and well supported in authority.   See authorities cited in the note supra, and in note, page 658, et seq., of Newell on Slander and Libel.

The charge complained of omitted the element constituting the very essence of the crime of theft—a fraudulent intent. It authorized and required the jury to find for defendant if they found appellant "appropriated to his own use and benefit, without the consent of defendant, any part of said cotton." As before stated, appellant admitted selling certain cotton without reserving the rent. He did not pretend to have obtained appellee's consent, and under this charge the jury could have found no other verdict than they did, if they believed from the evidence that any rent cotton was due appellee. As before stated, appellant's testimony tended to explain this sale in a manner consistent with an innocent intent. Appellant may have in fact then sold cotton, including rent cotton due appellee, and not have been guilty of theft. Unless it was further shown that appellant fraudulently took or disposed of said cotton with the fraudulent intent of thereby depriving the true owner of the value of the same, and of thereby appropriating it to his own use and benefit, there was no justification for the charge of theft of cotton.

The question has not been raised, but we incline to the opinion that fundamental error appears on the face of the record in that any charge on justification was submitted. We will not discuss this question, but in view of another trial suggest that it is very questionable if, besides the general denial, appellee's answer contained anything more than allegations of fact that perhaps were admissible in mitigation of damages. "A plea of justification by its nature is in confession and avoidance, and when properly made is a complete bar. But it is not a complete bar unless it confesses and avoids by justifying the entire charge substantially as made." This was evidently the common law rule. See authorities cited supra in the notes on pages 656, et seq., of Newell on Slander and Libel, hereinbefore cited, and in note to Warner v. Clark, 21 Law. Rep. Ann., 504, et seq., cited supra.

For the error indicated, it is ordered that the judgment below be set aside and the cause remanded for a new trial.

*Reversed and remanded.*