McLEOD *v.* CROSBY.

128  641|
|e148  ⁵653

1. SLANDER—SUFFICIENCY OF DECLARATION.

A declaration for slander, alleging that defendant said, "M. stole it," followed by a recital of circumstances showing the statement to have related to "certain personal property" of a named corporation, is sufficient, where not demurred to, though it does not specifically describe the articles charged to have been taken.

2. EVIDENCE—COURT FILES—IDENTIFICATION.

The files in a judicial proceeding may be identified, so as to permit of their introduction in evidence, by one who obtained them from the clerk of the court.

3. MALICIOUS PROSECUTION — EVIDENCE — RECORD IN CRIMINAL CASE.

In an action for malicious prosecution, a certified transcript from the record in the criminal case is not inadmissible because all of the entries are not included.

4. SAME.

And a copy of the entry showing the rendition of a verdict of not guilty by direction of the court is sufficient, without proof of the formal judgment discharging the prisoner.

5. SLANDER—JUSTIFICATION—PLEADING.

In slander for stating, with respect to personal property belonging to a corporation, that "M. stole it," a notice under the plea that defendant would prove that the statement was true, in the sense that plaintiff fraudulently sold and converted such property while in charge thereof, was insufficient to warrant proof of the truth of the statement, in that it did not assert broadly that defendant would prove plaintiff guilty of larceny or embezzlement, or would prove facts which, if proved, would have shown him guilty of embezzlement; there being no averment that he was an officer, clerk, agent, or servant of the corporation.

6. SAME.

But a notice alleging that, by selling and appropriating the proceeds of the property, plaintiff became guilty of larceny or embezzlement, was sufficient to apprise plaintiff that de-

fendant relied on proving an embezzlement of the property
as a complete justification.

7. SAME.

In slander for charging a person with stealing property, de-
fendant may justify by showing that he embezzled it.

Error to Montcalm; Wolcott, J., presiding. Submitted
October 22, 1901. Decided November 12, 1901.

Case by Dan McLeod against James S. Crosby for
slander and malicious prosecution. From a judgment for
plaintiff, defendant brings error. Reversed.

*N. O. Griswold* ( *L. C. Palmer*, of counsel), for appel-
lant.

*V. H. & H. H. Smith*, for appellee.

HOOKER, J. The defendant has appealed from a ver-
dict and judgment for $320 in an action for slander and
malicious prosecution. The three counts for slander are
substantially alike, and the following quotation from the
first will serve to make plain the rulings and points raised
thereon:

" * * * say of and concerning this plaintiff, in the
presence and hearing of this plaintiff, Charles S. Fuller,
and other divers good and worthy citizens of the State of
Michigan, did speak, publish, and declare of and concern-
ing said plaintiff the following false, malicious, and defam-
atory words, to wit: 'McLeod stole it;' meaning and
referring to this plaintiff, and meaning and intending to
charge this plaintiff with having stolen certain property
belonging to George Collin Company, a corporation organ-
ized under the laws of this State, of which the said James
S. Crosby was president, and meaning and intending to
charge, and give the persons who heard him to understand,
that the said plaintiff had been guilty of the crime of
larceny, and was a thief; that, at the time the said defend-
ant uttered the aforesaid false, slanderous, malicious, and
defamatory words, he had been claiming and stating that
the said George Collin Company had lost and been deprived
of certain personal property, and at the close of his said

statement he said of and concerning the said plaintiff, in the presence of the said Charles S. Fuller and the other persons aforesaid, the said false, slanderous, malicious, and defamatory words, 'McLeod stole it.' "

The count for malicious prosecution related to a prosecution of plaintiff on a charge of larceny, upon which the plaintiff was acquitted in the circuit court, where the judge directed a verdict of not guilty. The charge seems to have related to some logs belonging to the George Collin Company, of which company the defendant was president, which logs it was claimed had been sold, and the proceeds appropriated by the plaintiff.

Defendant accompanied his plea with a notice that, if he uttered the words "McLeod stole it," they were uttered concerning certain property belonging to said company, and that plaintiff had previous to February 10, 1898, and during 1895 and 1896, been in charge of a large amount of personal property of said company, consisting of teams, tools, implements, and machinery for cutting, skidding, hauling, banking, floating, and manufacturing timber into logs, lumber, lath, and shingles, and that plaintiff, well knowing said property to belong to said company, fraudulently, and without the knowledge of said company or its president (the defendant), sold and converted a large portion of said property to his own use, and caused or permitted other portions of said property to be taken away from the premises of said company and used and appropriated by others, and particularly by the relatives and friends of the plaintiff, "without leave or license so to do, and, without any right whatever to dispose of, use, and appropriate, sold and conveyed and appropriated the funds and proceeds thereof to his own use. And in this sense the defendant will prove the statement that 'McLeod stole it,' referring to the property of the said George Collin Company, to be true." Also that, in relation to the malicious prosecution count, defendant would prove that he fully and fairly stated the facts to the prosecuting attorney, and was advised by him that plaintiff was guilty of larceny; and that

he was not guilty of any malice, and that he did not cause such arrest without reasonable and probable cause. Also that he would prove in his defense that in October, 1897, plaintiff sold 50,000 feet of the shingle logs of the company, then stored in lakes adjacent to its mills, without authority or right, and appropriated the proceeds to his own use, and thereby became guilty of the crime of larceny or embezzlement, and was chargeable with both offenses, and that the defendant left the cause of action to the prosecuting officer, without malice.

The first point discussed relates to the counts for slander. Counsel for the defendant raised the point that they did not state a cause of action, inasmuch as they failed to state what property was referred to by defendant in his statement, "McLeod stole it." The question is not raised by demurrer, and it is therefore improper to apply the test of technical pleading. The declaration shows that the remark applied to personal property of the George Collin Company. It does not specifically describe the articles taken, or mention shingle timber, but it was sufficiently specific to show that the plaintiff was charged with stealing, as much as though the statement had been, "McLeod is a thief," "McLeod steals," or "McLeod has committed larceny." See *Fowler* v. *Gilbert*, 38 Mich. 292. If there is any force in the claim that the words "McLeod stole it" do not charge a crime, for the reason that the use of the pronoun "it" made the charge indefinite and uncertain, because it may have referred to something not the subject of larceny, its force is lost when taken in connection with a statement showing that it referred to personal property belonging to the George Collin Company, even if the use of the verb "stole" does not itself imply a larcenous taking of property which is the subject of larceny. The sufficiency of the declaration does not depend upon the statement of plaintiff's counsel, made on the trial, that he claimed that reference was made to shingle timber merely.

One Smith, a lawyer, was called, and produced certain

papers, purporting to be the files in a larceny case which had been pending in the circuit court of Mecosta county. He stated that they came from the office of the clerk of that county, as the criminal files in that case, and were obtained by the witness from said clerk as such. They were duly indorsed as filed, over a signature purporting to be that of said clerk. He also testified that they were the same papers which were used on the trial of the case. Upon such papers being offered in evidence, defendant's counsel objected upon the ground that they were incompetent, for the reason that it is improper to prove public papers and records by a borrower of them, and that it did not appear that they were the original files. In the same connection, objection was made to the introduction of a certified copy of some of the orders made in said criminal case, for the reasons—*First*, there was no verdict of the jury or judgment shown; and, *second*, that the certificate was defective because it did not show that it was a copy of all of the journal entries. This testimony related to the count for malicious prosecution, and the testimony of Smith was competent to prove the identity of the original files. The certificate to the records was in proper form, and showed the copy to be a copy of the whole of the entries that it purported to certify. There was no attempt to certify all of the orders, nor was it necessary. The entries offered included the record of the rendition of a verdict of not guilty by direction of the court, and there was no occasion to strike out this proof because the excerpt did not include formal judgment of not guilty and discharge of the prisoner.

The defendant called the prosecuting attorney who prosecuted said criminal case, and sought to show by him that such prosecution was commenced by his advice and direction. It appeared that he went to the locality of the alleged crime with the defendant to investigate the matter, and talked with Mr. and Mrs. McQueen and others about it. He was asked by defendant:

"*Q.* Did he tell you anything about what the plaintiff in this case had said to him about these logs?

"*Mr. V. H. Smith:* I object to that as immaterial, irrelevant, and incompetent.

"*The Court:* The objection is sustained.

"*Mr. Griswold:* I take an exception, if you please.

"*A.* I did have something to do with the taking out of the warrant for the arrest of McLeod on the charge of stealing the shingle logs. I directed the issuing of that warrant. I did not order the issuing of the warrant, the filing of the complaint, and the issuing of that warrant upon the statements made to me by Crosby alone.

"*Q.* Upon whose statements, and upon what investigation, did you make that order?

"*Mr. Smith:* I object to that as immaterial. There is nothing material in this case but the question as to whether the advice is a shield and a protection.

"*The Court:* It is not a question, at all, of the good faith and diligence of the prosecuting attorney.

"*Mr. Griswold:* No; surely not.

"*The Court:* The answer as given was proper, as the court understands it, whether or not it was done entirely on information furnished by Mr. Crosby, or from additional investigation made by himself. But I do not know that it is competent or material in this case to have the witness go on and state just what investigation he made. Is that your offer?

"*Mr. Griswold:* I offered to ask him the question on that very line. I thought it was material, and think so still, to show what information he had about it, and from what source he obtained it.

"*The Court:* I think witness may state in a general way what effort he made himself, independently of Mr. Crosby, in investigating it."

The importance of this testimony related to the information upon which the prosecuting attorney acted. We suppose the position taken to have been that, even if Crosby did not fully state the facts to him, it was immaterial, provided he ascertained them from other sources, and acted upon them in advising defendant to make the complaint. The court, on reflection, allowed an investigation of that subject.

In his charge, as upon the trial, the court limited counsel

for the plaintiff to the claim that the words referred to logs. He instructed the jury that the notice in the plea was not sufficient to warrant proof that the statement was true. Counsel complain of this, and say, "The only reason conceived why the notice under the plea was not sufficient to warrant a finding that the words were true must be found in the fact that the plea does not mention the logs." It seems obvious that the court was of the opinion that the notice was, at most, a qualified allegation of the truth of the charge, and did not offer a justification as broad as the charge. The charge was a simple charge of larceny. The first notice was that the defendant would prove that the plaintiff was guilty of larceny *in a sense therein stated*. If it be conceded, as claimed, that it was enough to prove the plaintiff to have embezzled the logs, still the learned circuit judge was correct in saying that this first notice was insufficient. It did not charge broadly that defendant would prove the plaintiff guilty of larceny; nor did it state that he would prove facts which, if proved, would have constituted embezzlement, for there is no allegation that it would be shown that he was an officer, clerk, agent, or servant of the Collin Company; nor did it state broadly that it would be shown that he embezzled the property of the Collin Company.

The third notice, however, which we presume the learned circuit judge treated as applicable only to the count for malicious prosecution, was equally defective in an attempt to state facts constituting embezzlement, but it contained a further allegation that, by selling and appropriating the proceeds of the property, he became guilty of the crime of larceny or embezzlement. This notice was broad enough to apply to all of the counts. Embezzlement is made larceny by statute (3 Comp. Laws, § 11565), and it is not unreasonable to say that an embezzler is a thief, or that embezzling is stealing, because larceny is stealing, and embezzling is larceny. Not all larceny is embezzling, but all embezzling is larceny. It may reasonably be claimed, therefore, that, when one says of

another, "He stole from A. B.," he may justify by show-
ing an embezzlement from A. B.    Under most, if not all,
authorities, the notice must be as broad as the charge, in
its offer to prove truth.    See 18 Am. & Eng. Enc. Law
(2d Ed.), p. 1070.    It may be doubtful if a general notice
that one will prove another a thief, or that he stole or em-
bezzled, will be a sufficient answer to a general charge
that "*he is a thief*."    It would certainly afford an oppor-
tunity for a wide range in the proof, and would not give
much information to the plaintiff of the proof that he
should be expected to meet.    See *Torrey* v. *Field*, 10 Vt.
353.    But the charge in this case was not general, but
specific, referring to property of the Collin Company.
The notice was of necessity limited to it by the declara-
tion itself.    Furthermore, it purports to limit the proof to
such property, and it states facts conveying information
regarding the nature of the alleged theft.    Again, the
first notice contains the further information that the plain-
tiff was in charge of the property, which was implied by
the statement in the third notice, by the allegation that he
embezzled the property.    Michigan has not adhered to the
rule followed in some States; *i. e.*, that a notice must be
as certain and definite as a plea, and that "the true way
to test the sufficiency of a notice is to inquire whether the
matters contained in it, if pleaded specially, would be
good on general demurrer."    See *Shepard* v. *Merrill*, 13
Johns. 475.    While, in common with other States, its
courts have held that the justification must be as broad as
the charge (see 18 Am. & Eng. Enc. Law [2d Ed.], p.
1070, note), it has been said many times that a notice
which fairly apprises the other party of the nature of the
proposed defense is sufficient; and liberality of construc-
tion has been indulged where greater particularity in the
notice might have been obtained by a motion to make it
more specific, or demand for a bill of particulars in a
proper case.

We are of the opinion that the notice was a sufficient
notice that defendant relied upon proving an embezzle-

ment of the property, and that such proof would establish the truth of the charge; and it only remains to inquire whether proof of embezzlement of property can constitute a justification of a charge that the plaintiff stole it. We have not been cited to any case throwing light upon this question by the defendant's counsel, but we see no reason for holding that a man may not justify the calling a man a thief by showing that he has done a thing which the statute explicitly says shall constitute larceny. The fact that an indictment for larceny, in the ordinary form, will not cover the case (Bishop, Stat. Crimes, § 418) should make no difference, for it does not make the culprit any the less a thief. While we have not found an authoritative decision upon the point, the question is not altogether new. The charge of the learned circuit judge in the case of *Youngs* v. *Adams,* 113 Mich. 200 (71 N. W. 585), gave the defendant the benefit of such a rule; and we were careful to avoid a *dictum* upon the point in reviewing the case, which could be affirmed without passing upon it. The case of *Shepard* v. *Merrill, supra,* cited by plaintiff's counsel upon another point, seems to us to have also saved this or a similar question. The notice in the present case alleges the embezzlement of the property. The language is general, but embezzlement includes the elements of a statutory larceny, and, in conjunction with the other things mentioned, was a sufficient statement of a defense which we have already indicated to be, in our opinion, a proper one.

This conclusion requires a reversal of the judgment and the direction of a new trial, which is hereby ordered.

The other Justices concurred.