BURKHISER v. LYONS. (No. 5284.)

(Court of Civil Appeals of Texas. San Antonio. May 13, 1914. Rehearing Denied June 3, 1914.)

1. PLEADING (§ 127*)—ANSWER—SUFFICIENCY OF DENIAL.

Where a paragraph of the petition alleged that the defendant had stated that plaintiff had stolen all he raised on defendant's place, and was a thief, an answer denying the language used as set forth in that paragraph, but pleading the truth of any charge made that the plaintiff had been guilty of fraudulent acquisition of property, and conversion thereof to his own use, is not an admission of the speaking of the words charged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. § 127.*]

2. LIBEL AND SLANDER (§ 100*)—VARIANCE—PROOF OF WORDS USED.

Proof that defendant had charged that plaintiff had swindled or stolen from defendant in the purchase of a mule for defendant, was not proof of the slander charged in that paragraph of the petition, which referred to theft of the products from the land of the defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–256, 258–272, 291, 322, 323; Dec. Dig. § 100.*]

3. LIBEL AND SLANDER (§ 100*)—VARIANCE—PROOF OF WORDS USED.

In actions for slander, the material and actionable words must be proved strictly as they are alleged in the petition.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–256, 258–272, 291, 322, 323; Dec. Dig. § 100.*]

4. LIBEL AND SLANDER (§ 56*)—JUSTIFICATION—TRUTH OF CHARGE.

Proof that plaintiff, acting as agent for the defendant in the purchase of a mule, drew upon the defendant for a sum in excess of that paid for the mule, and converted the excess to his own use, is sufficient to justify a statement by defendant that plaintiff was a thief, under Code Cr. Proc. 1911, art. 772, which provides that theft shall include swindling and all unlawful acquisition of personal property punishable by the Penal Code.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 153–156; Dec. Dig. § 56.*]

5. LIBEL AND SLANDER (§ 123*)—SUFFICIENCY OF EVIDENCE—TRUTH AS JUSTIFICATION.

In an action for slander, where the defense was that the charge by defendant that plaintiff had stolen the hay from defendant's place was true, evidence *held* sufficient to take to the jury the issue of the truth of the words spoken by defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

6. LIBEL AND SLANDER (§ 124*)—WORDS IMPUTING CRIME—NATURE OF CRIME.

Words imputing crime should be weighed and considered in the light of the circumstances surrounding the parties at the time, and that effect given to them which they probably produced on the person to whom they were used, and a charge that plaintiff stole defendant's property, made to one who knew that plaintiff was in possession of defendant's property, and therefore could not have been guilty of technical theft, may be construed as a charge of swindling.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 365–370, 372, 373; Dec. Dig. § 124.*]

7. LIBEL AND SLANDER (§ 94*)—JUSTIFICATION—TRUTH.

Where defendant had stated that plaintiff had stolen every blade of grass upon defendant's place, proof that any part of the hay on the place had been stolen or fraudulently appropriated by the plaintiff is sufficient to take to the jury the question of justification.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219–225; Dec. Dig. § 94.*]

8. LIBEL AND SLANDER (§ 123*)—ADMISSIBILITY OF EVIDENCE—MITIGATION.

In an action for slander, the character of the plaintiff and business transactions between him and the defendant and other parties affecting the rights of the defendant may be considered by the jury in mitigation of damages, even though they did not justify the accusation.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

9. LIBEL AND SLANDER (§ 111*)—PLEADING—JUSTIFICATION.

In an action for slander, justification must be specially pleaded with such particularity as to notify the plaintiff as to what charge he will be compelled to meet.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 315–324; Dec. Dig. § 111.*]

10. TRIAL (§ 194*)—REQUESTED INSTRUCTIONS—WEIGHT OF EVIDENCE.

A requested charge on the weight of the evidence is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Jackson County; John M. Green, Judge.

Action for slander by C. L. Lyons against John Burkhiser. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Guy Mitchell and Rose & Sample, all of Edna, for appellant. F. G. Moffett and McCrory & Vance, all of Edna, for appellee.

FLY, C. J. Appellee instituted this suit against appellant for damages alleged to have accrued on account of slanderous language of appellant about appellee. Appellant filed general and special exceptions, and general denial, and pleaded the truth of any language used by him in justification. There were three counts in the petition, only two being submitted to the jury, and they in a peremptory charge to find for appellee. The result was a verdict for $250 actual and $500 exemplary damages on each count, and judgment was rendered for appellee for $1,-500.

The two counts upon which the verdict was based are as follows:

"(14) That for further cause of action plaintiff says that on or about August 1, 1912, defendant, John Burkhiser, openly, publicly, and maliciously and falsely, speaking of plaintiff, pronounced and published to and in the presence and hearing of C. A. Rodesney, and other of plaintiff's fellow citizens, the following scandalous and false words of and concerning plaintiff, to wit: 'This man, Lyons, on my place stole all he raised last year, and is trying to

steal everything this year. He is a thief; but I am going right after him.'"

"(20) That for further cause of action against defendant plaintiff says that on or about August 1, 1912, defendant, speaking of and concerning plaintiff to Bryant Garrett, Jr., falsely, maliciously, and willfully in the vicinity of Ganado, Tex., called plaintiff a thief, and said to said Garrett, 'He [meaning plaintiff] stole every blade of grass [meaning hay] off the place [meaning the Burkhiser place] last year.'"

[1] The court instructed the jury that appellant had admitted that he had used the language set out in both of the counts, and that they should find for such actual and exemplary damages as the facts warranted.

There was no admission by appellant in pleading or evidence that he had used the language attributed to him in the fourteenth paragraph of the petition. In the supplemental answer was the following:

"This defendant denies the language used to G. A. Rodesney as set out in paragraph 14 of plaintiff's said amended petition, but specially pleads the truth of any statement or charge that may have been made to him or in his presence to the effect that he had been guilty of the fraudulent acquisition of property and the conversion thereof to his own use."

The error of the charge is apparent so far as the fourteenth paragraph of the petition is concerned.

[2] The evidence failed to sustain the language set out in the paragraph in question. Rodesney testified that appellant told him that appellee should not stay on his place "because he was cheating him and stealing from him, something of that kind; there is one point I remember especially, and that was the matter of those mules. He mentioned the fact that he had furnished Mr. Lyons $500 for a pair of mules, but found out Mr. Lyons had only paid $400 for them." The witness further said that the "general trend of his conversation was" to the effect "that Lyons had been stealing from or cheating him." The witness also said:

"What I remember is that this man had swindled him or stolen $100 from him in the mule transaction."

That language did not sustain the charge that appellant had said:

"This man, Lyons, on my place stole all he raised last year, and is trying to steal everything this year. He is a thief; but I am going right after him."

[3] It is evident that the language alleged had reference to theft of products raised on the land of appellant in 1911 and 1912, while the language used to Rodesney had reference to a transaction about mules. In actions for slander, the material and actionable words must be proved strictly as they are alleged in the petition. Newell, Slander and Libel, § 49, p. 804; Perry v. Porter, 124 Mass. 338; Stern v. Loewenthal, 77 Cal. 340, 19 Pac. 579; Chapin v. White, 102 Mass. 139; Perry v. Porter, 124 Mass. 338.

[4] In paragraph 20 of the petition, hereinbefore copied, there is an allegation that appellant had called appellee a thief, and further there is an allegation of a charge of theft of hay. Appellant admitted using the language set out in that paragraph, and the court, on account of that admission, instructed a verdict for appellee regardless of his evidence of justification. There was evidence which tended to show that appellee had been intrusted by appellant with authority to buy two mules, and he did so, agreeing to pay therefor the sum of $450, but represented to appellant that he had paid $550 for the mules, and obtained from appellant, by that false pretext, the sum of $100.

"'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking." Penal Code, art. 1329.

That article standing alone would not include other fraudulent conversions of property; but in article 772 of the Code of Criminal Procedure theft is made to include "swindling and all unlawful acquisitions of personal property punishable by the Penal Code." Swindling is defined as:

"The acquisition of any personal or movable property, money, or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same."

Evidence of an agent buying property for a certain price, and then drawing a check on his principal for a much larger sum to pay for the same, would be swindling, and would be comprehended under the terms "theft." It was not necessary that appellee should in terms have told appellant that he paid $550 for the mules when he really had purchased them for $450; but the false pretext would be implied from the conduct of appellee in drawing the check for the greater sum. Appellee had no authority to draw the check for anything but the money to pay for the mules. He knew that appellant would think it was for the mules and would pay it. It was a false pretense by which appellee obtained $100 from appellant which he intended to appropriate and did appropriate to his own use. Under the law and in general acceptation it was theft, and proof of it was a justification of the charge that appellee was a "thief."

[5] Although appellant admitted the charges in the twentieth paragraph, which was an accusation made to Bryant Garrett, Jr., the latter did not, by his testimony, sustain the charge that "he stole every blade of grass off the place last year." Garrett stated that appellant sold him some corn and wanted him to gather it, and, when asked why the tenant could not gather it, replied, "He is such a thief and liar that I want some one else to gather it." The witness also stated that appellant said, "They had stolen all the hay on the place the year before

that." In view of the admission, we shall consider the language as proved.

To justify the language in regard to theft of the hay, appellant proved that on January 16, 1912, appellee gave him a lien in writing on 100 tons of hay that was cut on appellant's place to secure $373.98 due by appellee for rent of the place in 1911, and also a written lien on all hay to be cut and gathered on the premises during 1912, to secure the rent for that year, that he sold the hay of 1911 and appropriated the proceeds, and also sold 168 tons of hay cut in 1912 and appropriated the money therefrom to his own use and benefit, and gave a mortgage on the balance he had cut, some 60 tons, and that uncut, to a bank. Undoubtedly the charge that appellee was a thief was met by the proof of swindling perpetrated by him on appellant; but the further questions arise whether proof of appellee being a thief would meet the charge of theft of the hay raised in 1911, and, if not, if proof of fraudulently disposing of mortgaged hay would justify a charge of theft of the hay.

There is some authority to the effect that the charge of being a thief can only be met by proof of theft in its restricted sense, that a charge imputing one crime cannot be justified by proving another, though of the same general character; but there are other authorities that hold that proof of a crime included in the elements of the crime charged is sufficient. Quaid v. Tipton, 21 Tex. Civ. App. 131, 51 S. W. 264; McLeod v. Crosby, 128 Mich. 641, 87 N. W. 883.

[6] The words used in imputing crime should be weighed and considered in the light of the circumstances surrounding the parties at the time, and that effect given to them that they probably produced on the person to whom they were used. If the person knew that the defendant meant embezzler or swindler or a fraudulent disposer of mortgaged property when he said thief, that should be taken into account in determining whether the accusation was justified by the facts. In the Michigan case of Ellis v. Whitehead, 95 Mich. 105, 54 N. W. 752, the defendant had charged plaintiff with being a thief; but those to whom he spoke knew that he referred to the fraudulent appropriation of ice belonging to a firm of which the plaintiff was a member, and the court approved this charge:

"If you find that the utterances charged in the declaration were made by the defendant, but that they referred to the taking of ice in such a way that they could not be larceny, and that the utterances were so understood by Daniels, Barnes, and Rowley, such utterances could not be actionable, and your verdict must be for the defendant."

That charge was copied in the case of Youngs v. Adams, 113 Mich. 199, 71 N. W. 585, and approved; and, while it was held that an imputation of theft could not be justified by proof of cheating or fraud, still it was a question for the jury to determine whether the words were understood to mean embezzlement or obtaining money by false pretenses. The Michigan court said:

"The defendant should not be found guilty if the circumstances showed that the words ought not to have been understood in their ordinary sense."

In this case Garrett knew that Lyons was a tenant, knew that he must have been in possession of the hay, knew that he could not have taken it from the possession of appellant, and therefore could not have been guilty of technical theft, but that appellee had appropriated the hay that was in his possession to his own use and deprived appellant of his part of it. The evidence was sufficient to raise that issue, and it should have been submitted to the jury.

[7] There is no merit in the contention that justification for the accusation could only be obtained by proof of "every blade of grass" on the place having been stolen. If any part of the hay was stolen or fraudulently appropriated by appellee, the defense would be sufficient to go to a jury. Quaid v. Tipton, herein cited. The fraudulent conversion was the main point.

[8] The character of appellee, as well as any and all business transactions between him and appellant and transactions with other parties affecting the rights of appellant, should have been considered by the jury in mitigation of damages, even though they did not justify the accusation. Newell, Slander and Libel, § 62, p. 882 et seq.

[9] Justification must be specially pleaded, and with such particularity as to notify the plaintiff of what charge he will be compelled to meet. Under that rule the plea stricken out by the court, of which complaint is made in the tenth assignment of error, was too general and indefinite, and was properly stricken out.

[10] The charge asked by appellant, the refusal of which is complained of in the ninth assignment of error, was on the weight of the evidence, and was properly refused.

For the errors herein indicated, the judgment is reversed, and the cause remanded.